347 So.2d 203 (1977)
Ronald Thomas MONSOUR, Sr.
v.
Roxie Ann Lewis MONSOUR.
No. 59100.
Supreme Court of Louisiana.
June 20, 1977.
*204 B. J. Woods, Mecom, Scott & Woods, Shreveport, for defendant-applicant.
Kenneth Rigby, Love, Rigby, Dehan & Love, Shreveport, for plaintiff-respondent.
CALOGERO, Justice.
This case involves the custody of a nine year old boy, the son of plaintiff-relator Ronald Monsour and his former wife, defendant-applicant Roxie Monsour Shelton. He has lived with his mother continuously since his parents' separation in 1972; at their divorce in July of 1974 custody was formally awarded to the mother.[1] On April 6, 1976, the boy's father, Ronald Monsour filed a petition alleging that conditions had changed which rendered the mother unfit and asking that custody be transferred to him. After a hearing, the trial judge dismissed plaintiff's rule, leaving custody with the child's mother, but the Court of Appeal reversed the lower court judgment, finding that the trial court had abused its discretion in allowing the mother to retain custody.
No allegations are made that the environment in which the child lived from 1972 until late in 1975 or early 1976 was anything but wholesome and normal. Beginning approximately in late 1975 and lasting about one year, allegations have been made that the child's dressing and homework were not properly supervised, but neither court below found that these allegations were anything but minor complaints which do not serve to establish the mother's unfitness for custody. The important factor in the courts' determinations was Mrs. Monsour's admitted residence and sexual relationship with an unmarried man for a period of four months in early 1976 while the child also shared the same residence. She testified that although she and the man, William Henny Shelton, planned to get married, they had not set a definite wedding date and that she had seen nothing wrong with this arrangement at the time. After she was served with the rule requesting change of custody she conferred with her attorney. She said that at that time she realized for the first time that her living arrangement was hurting her son, and that it was important for her to legitimate her relationship with Mr. Shelton. They were soon married and thereafter, at the hearing on the rule, both she and her new husband convinced the trial judge that their marriage adjusted their living situation so that it would be in the child's best interest to remain in his mother's custody. The Court of Appeal reversed, finding that the four months residence with an unmarried man in an apartment shared by the child sufficiently proved the mother unfit, a fact not "cured" by her later marriage. The Court ruled that the trial judge's decision was an abuse of his discretion. We reverse, adhering to the trial judge's decision.
One indiscretion or escapade does not render unfit a custodian who has been granted custody of a child in a court decree. See Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311 (1953); Tuggle v. Tuggle, 235 So.2d 166 (La.App. 2d Cir. 1970). However, when a court reviews the total circumstances under which the child is living, a judge may find that the custodian has pursued a notorious course of conduct that reveals an utter lack of regard for the moral principles held by most members of society. Johnson *205 v. Johnson, 268 So.2d 114 (La.App. 3d Cir. 1972). Certainly past misconduct forms one of the important considerations in a court's determination of the suitability of the custodian of a child. Borras v. Falgoust, 285 So.2d 583 (La.App. 4th Cir. 1973). Nevertheless the primary consideration in any custody award is the welfare of the child.
In the case of Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) we agreed with a trial judge who found that the child's mother had reformed, and that awarding custody to the reformed mother was in the child's best interest. There we reaffirmed the rule that when an award of custody has been made, the party seeking the change must prove "that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed." Fulco v. Fulco, 259 La. at 1127, 254 So.2d at 605 and cases cited therein. The appellate courts must give this initial determination great weight because the trial judge, as we further stated in Fulco, 259 La. at 1130, 254 So.2d at 605,
"is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof."
After reviewing this record, we find no error in the trial judge's acceptance of the testimony presented by the Sheltons and their witnesses or by the court's determination that the mother had reformed, as shown by her marriage to Mr. Shelton and their recent good care of her son. Mrs. Shelton has provided a good home and schooling for her son, an exceptionally bright and able young man. Her actions, apart from her previous illicit relationship, show her to be a mature, responsible individual who holds a steady job and meets her parental responsibilities. She declares that she wishes to continue to serve as custodian of her son. We do not find that her conduct for this single four-month period constituted such a total disregard of moral principles as to indicate an inability to offer moral leadership for her son or to provide for his welfare.
For these reasons, the judgment of the Court of Appeal is reversed, permanent custody of Ronald Thomas Monsour, Jr. is reinstated in defendant Roxie Ann Monsour Shelton, subject to the right of the child's father to reasonable visitation rights. All costs are assessed against appellee, Ronald Thomas Monsour, Sr.
SANDERS, C. J., dissents, being of the opinion that the judgment of the court of appeal is correct.
NOTES
[1] Judgment of divorce was rendered July 3, 1974 in favor of Ronald Monsour; custody of their child was awarded to Roxie Monsour.