HALL, Judge.
This appeal by a mother is from the denial of her petition to obtain custody of her eight-year-old daughter, whose custody was previously awarded to the father at the time the parties were divorced. We affirm the judgment of the district court, primarily because of the great weight to be given the determination of the trial judge, whose discretion will not be disturbed on review in the absence of a clear showing of abuse thereof. Monsour v. Monsour, 347 So.2d 203 (La.1977); Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971).
In January, 1976, the father was awarded a divorce from the mother on the grounds of adultery. Custody of the daughter was awarded to the father. The mother did not contest the divorce or the custody of the child. In March, 1976, the mother married the man named in the divorce suit, who was the father’s brother-in-law at the time the adulterous relationship began.
In June, 1976, the mother filed a petition to obtain custody and after some delays and the filing of an amended petition, the matter came to trial in February, 1977.
The evidence establishes that at the time of trial and for most of the time since the divorce was granted, the child has lived with her paternal grandparents on a farm near Jonesboro. The father has a responsible position with a department store in Houma, having been transferred to Houma from Shreveport by his employer. He is making some effort to find employment in the Jonesboro area. The father visits with the child at least every other weekend and on holidays. Although the grandparents’ rural home is modest, the evidence establishes that the child is well cared for by her grandparents and by her father.
The mother’s present husband is an insurance agent with a good income. They have purchased a home in a nice residential area of Shreveport. They attend church regularly and the good character of their current life is attested to by their preacher and several friends. The mother exercises her visitation rights and has the child with her at every possible opportunity. The mother has been employed full-time but has quit her job in anticipation of gaining custody of the child.
Friction has continued to exist between the father and the mother. In the summer of 1976, there was an incident at the grandparents’ home where the mother drew a gun and was subsequently convicted and fined on an assault charge.
The appellant-mother contends that the trial court erred in:
(1) failing to apply the maternal preference rule;
(2) failing to find the mother gave up custody initially because of threats made by the father;
(3) refusing custody to the mother because of her past misconduct;
(4) failing to find the child had been abandoned by the father;
(5) failing to find that the child was living in deleterious circumstances; and
(6) failing to ground his decision on the child’s best interest.
There is a presumption that the welfare of a small child, especially a young girl, will be best served by granting .custody to the mother. The presumption can, however, give way to other factors and carries less weight where the mother seeks to change custody after there has been an initial award of custody to the father.
The mother’s testimony about giving up custody because of threats is unpersuasive.
Past misconduct, while not grounds for denying custody, is an important consideration in a court’s determination of the suitability of a parent for custody. Mons-our v. Monsour, supra.
Although the child is living with her grandparents, she has in no sense been abandoned by her father. It is recognized, *971 however, that ordinarily it is in the best interest of the child to live with and be cared for by a parent rather than by grandparents of advancing age.
The child is not living in deleterious circumstances and is being well cared for.
The grounds for the trial court’s decision are expressed in the following excerpts from comments made by the trial judge at the conclusion of the trial:
“ * * * Now, I understand that the best interest of the child is what’s pertinent to the Court . . . [The mother] has remarried, but it would appear to me that enough time has not elapsed for me to be certain of what her true intentions are. Considering the serious transgressions that [the mother] had in the past — Considering the whole matter, I still don’t think the time is right for [the mother] to have custody of [this child], 4< * 4c J7
The trial judge recognized that the paramount consideration is the best interest of the child. He evaluated all of the circumstances and exercised his judgment and discretion in determining that the father should retain custody at this time.
The appellant-mother cites Hilliard v. Richard, 291 So.2d 875 (La.App.3d Cir. 1974) writs refused 294 So.2d 835 (La.1974) and DeCelle v. DeCelle, 313 So.2d 634 (La.App.2d Cir. 1975), as recent cases in which custody was changed from the father to the mother under circumstances similar to the instant case. Each case must be decided on its own particular facts and circumstances. It is to be noted also that each of the cited cases on appeal involved an affirmance of the trial judge’s decision. Here, the trial judge’s determination was in favor of the father. A decision on appeal in favor of the mother would require a finding that the trial judge abused his discretion and a reversal of his decision.
This court finds no abuse of the trial judge’s discretion which was exercised within the framework of applicable legal principles. The mother failed to convince the trial judge that a change in custody at this time would be to the best interest of the child. The trial judge’s decision was reasonable, based on the evidence in this case. The judgment is affirmed at appellant’s costs.
Affirmed.