REDMANN, Judge.
A father appeals from the dismissal of his rule for change of custody of his 11-year-old daughter from the mother based on the mother’s sexual immorality.
The mother also had custody of a now 18-year-old daughter (whose custody is not involved in this appeal, the father’s brief advises, because she has reached majority and has now elected to live with the father). The father’s complaint is that, between Monday and Thursday, the mother leaves the child two to four nights each week at about 10 p. m., to go to her fiance’s house; “on occasions I will fall asleep, but I am back [home] at 6 or 6:30 in the morning before they get off to school.” “Usually, sometimes when I do this, I call my mother and she goes over and stays [with the children]. My mother is always available.” And, the father complains, each Friday through Sunday night, the mother spends all her time at her fiance’s ranch at Folsom, giving further bad example to the child. Ordinarily the child is with the father on weekends, but occasionally the child spends the weekend with the mother and her fiance. Ordinarily other guests are at the ranch, and the testimony of two of these is that all visible behavior at the ranch is beyond reproach. (The mother also spends 8 a. m. to 3 p. m. every day except Wednesday at the ranch, while the child is in school. She trains horses at the ranch.)
The mother’s behavior flouts society’s preference that sexual union be limited to spouses (or at least be concealed) and, as in Spencer v. Spencer, La.App. 4 Cir. 1972, 261 So.2d 702, would justify taking child custody from her. However, the father, too, evidences human fallibility although in a different manner unwholesome for the child. Rightly disappointed in his then 17-year-old daughter’s deceit, he wrongly disciplined her by a spanking that prompted her to tell her doctor that she contemplated suicide. Evidently one of the trial judge’s concerns was the possibility of too-harsh discipline at the father’s hands.
Considering the record as a whole, we are unable to say that the judgment appealed from is not within the reasonable exercise of the trial judge’s obligation to do what is best for the child. See Monsour v. Monsour, La.1977, 347 So.2d 203; Fulco v. Fulco, 1971, 259 La. 1122, 254 So.2d 603.
Affirmed.
LEMMON, J., dissents and assigns reasons.