ELLIS, Judge:
Walter J. Dugas, Jr. obtained a divorce on the ground of adultery from his wife, Julia Faye Richard Dugas. The evidence showed that Mrs. Dugas had sexual relations with Charles Salemi in her apartment on a number of occasions when the two minor daughters of the parties hereto were also in the apartment.
*978 After awarding a divorce to Mr. Dugas, the court gave custody of the two minor children to Mrs. Dugas. He found that she had been a good mother, other than her “moral problem”, but expressed grave reservations as to her relationship with Mr. Salemi. He therefore placed the following condition on the grant of custody:
“. . . the relationship with Mr. Sale-mi should not go on in the presence of the children. If she wishes to marry him, that will be a different situation altogether but the Court would, for whatever it’s worth, this is, simply to point out that a twenty-nine year old mother with two children and while Charles Salemi may have been a friend in a rough time, he is, from all testimony adduced here today a totally irresponsible child in a lot of ways. He has broken up a marriage, or helped break up a marriage, which was rocky probably before he ever came along. He just might have been a good excuse, I don’t know, but it was convenient and it does not speak well for mother’s stability. A mother of two children who is trying to earn a living so she can — get an education so she can earn a living to help take care of those children — to be bouncing around with a twenty-two year old. Lady, he’s a little too young.
“Those are my comments, they are on the record for whatever they are worth. The Court will condition the continued custody in the mother — care, custody and control in the mother — upon the fact that the relationship is carried on away from the children and by the relationship I mean dating, the rest of it at this point in time.
“. . . Again, if this relationship is continued around that apartment I expect him to refile and I expect to give him custody.” '
The judgment which was signed contained the following condition:
“Julia Faye Richard Dugas will not visit with or entertain Charles Salemi at any time or in any way at her domicile or in the presence of the aforesaid minor children.”
After the divorce, Mrs. Dugas continued to see Mr. Salemi, and to have occasional sexual relations with him, although away from the presence of the children. She testified that neither of them was interested in marriage. Although he had been warned by Mrs. Dugas’ attorney to stay away from her apartment, Mr. Salemi frequently acted as a baby sitter for the two girls, and saw them frequently. He also occasionally furnished transportation to Mrs. Dugas and the children, when she was having car trouble.
Mr. Dugas then brought this rule to have the custody changed on the ground that Mrs. Dugas had violated the condition placed on her by the judge. At the hearing, Mrs. Dugas testified that the children had seen Mr. Salemi on a regular basis since the divorce; that she thought he was a good influence on her daughters; and that she wanted the restriction on her relationship with him lifted by the court. She further testified that she understood the conditions imposed by the court to mean that she and Mr. Salemi were never to be together in the presence of the children.
At the conclusion of the trial of the rule, the trial judge said:
“At this time for the reasons stated earlier and are reurged or restated at this time;
“That Mrs. Dugas was warned, she was warned in Court, she was warned by counsel, she was warned by the Judge, the Court did not attempt to, at that time, tell her who she could date or who she could have around the children. The Court simply told her no illicit or no sexual relationships in front of the children with other men and that Mr. Sale-mi — the exception was made with him that he was not to be around the children at all as the paramour and this was the only condition upon which she was allowed to retain custody of the children. “This order was violated flagrantly. The Court thinks that rather than it being contumacious and deliberate, the Court thinks that she simply managed to convince herself that this was — despite all *979 and everything to the contrary — that this course of conduct of her was perfectly okay. .
“The Court at this time will grant to the father the care, custody and control of his minor children, born of the marriage, subject to the same extensive and liberal visitation rights that the Court granted to the mother previous to this, however, with the one limitation, that those visitation rights shall be carried out in the absence of Mr. Salemi.”
Judgment was signed transferring custody to Mr. Dugas and Mrs. Dugas has appealed. In this court, it is argued that the trial court erred in not requiring a heavier burden of proof of Mr. Dugas, and in finding that Mrs. Dugas had violated the conditions placed on her when the custody award was made.
We do not view this as an ordinary custody change case, in which the party seeking the change is subject to a heavy burden of proof. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); Monsour v. Monsour, 347 So.2d 203 (La.1977). Rather, we view this case as one in which the judge found at the initial determination that the conditions under which the children were living were not in their best interest. However, he permitted the mother to retain custody, conditioned on her eliminating the circumstance which he found to be deleterious to their welfare. That circumstance was, of course, the association of the mother, and the children, with Charles Salemi.
We agree that the instructions given by the judge, and the condition placed in the judgment are ambiguous. However, the record as a whole affirmatively supports the conclusion of the trial judge that the association with Mr. Salemi, coupled with the attitude of Mrs. Dugas, demonstrates a disregard of conventional morals and the ordinary proprieties on both their parts sufficient to justify placing the children with their father.
Whether Mrs. Dugas misunderstood or misinterpreted the judge’s conditions or not, the fact remains that she has chosen to perpetuate a condition which the trial judge obviously felt was important enough to justify a change of custody. We find no abuse of the broad discretion afforded the trial judge in cases such as this one.
The judgment appealed from is therefore affirmed, at Mrs. Dugas’ cost.
AFFIRMED.