ELLIS, Judge:
This is a custody case, in which Gay Nell Ard Wilson, now wife of Frank Palmisano, seeks to obtain custody of her two minor children from her former husband, Thomas Woodrow Wilson, Jr. From a judgment granting custody to Mrs. Palmisano, Mr. Wilson has appealed.
Mr. Wilson was granted custody on October 9,1978, by judgment reading as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Rule to Change Custody taken by petitioner, THOMAS WOODROW WILSON, JR., be made absolute, and accordingly, that THOMAS WOODROW WILSON, JR., Petitioner in Rule, be and he is hereby granted the custody of his minor, children, namely Larissa Danielle Wilson and Geoffrey Thomas Wilson, temporarily under the conditions and arrangements orally specified by the Court in its reasons for Judgment.”
The reasons for judgment appear in the minutes of the court as follows:
“. . . ‘That the situation in which the children are now living is unstable. Court will place the children in the custody of the father, Mr. Thomas Wilson, temporarily, until such time as the mother can change her living habits and can provide a morally stable environment for the children to live. This change of custody is with the condition that Mrs. Hill, Mr. Wilson’s mother, live with him and care for the children. The Division of Family Services can recommend the change of custody back to the mother, the Court will review this matter and make a change back to the mother at that time.’ ”
The trial of the divorce case took place on July 17, 1978, and, although the judgment was rendered from the bench, it was not signed until October 9, 1978. Prior to July 17th, it appears that Mrs. Palmisano and the two minor children were living with Frank Palmisano, and it was this relationship which prompted the court to give custody to Mr. Wilson.
Mr. Wilson picked up the children on July 18th, and they had lived with him until the time of trial of this custody rule. Mrs. Palmisano moved out of Mr. Palmisano’s apartment shortly after the July 17th hearing, and on August 1, 1978, moved into an apartment. ' She and Mr. Palmisano were married on September 30, 1978, and went on a short honeymoon. When they returned, they learned that the judgment had not been signed in the divorce case, making their marriage invalid. Mr. Palmisano moved out of his apartment, and remained out until the couple remarried on October 10, 1978, the day after the judgment was signed.
*171 This summary proceeding for custody was filed on October 4, 1978, and fixed for trial on November 13, 1978, by order signed on October 20, 1978. The rule was -finally heard oh November 16, 1978, and, after hearing the evidence, the trial judge “granted the custody back to the mother, Mrs. Gay Nell Ard Wilson Pahhisano.”
Mrs. Palmisano’s evidence was directed solely at demonstrating that she had changed her living habits and could provide a morally stable environment. Mr. Wilson’s evidence tended to show that, he was providing a good home and a stable environment for the children. Neither party made a serious attempt to rebut the testimony of the other.
In this court, Mr. Wilson’s main contention is that the trial court erred in failing to require Mrs. Palmisano to prove not only her own fitness, but also the unfitness of Mr. Wilson.
It is settled that, following a “considered decree” of custody, one seeking a change of custody bears the burden of proving “that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed.” Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); Monsour v. Monsour, 347 So.2d 203 (La.1977). This court has held that the rule applies whether the “considered decree” is one of temporary or permanent custody. Gulino v. Gulino, 303 So.2d 299 (La.App. 1st Cir. 1974).
It is also settled that the primary consideration is the welfare and best interest of the children; that the trial judge has broad discretion in fixing custody; and that his determinations in custody matters will not be disturbed unless there is a clear showing of an abuse thereof. Fulco v. Fulco, supra; Monsour v. Monsour, supra.
In this case, it appears that the custody decree in favor of the father was expressly made temporary, and it was made clear by the trial judge that custody would be awarded to the mother when she was able to provide a morally stable environment. Apparently, the trial judge felt she had accomplished this by marrying Mr. Pal-misano.
. Ordinarily, we would be inclined to leave the custody of the children with the father, since no evidence has been offered by the mother to show that she can provide a better home or that the home provided by the father is deleterious to the interest of the children. However, in view of the condition imposed by the trial judge at the time of granting temporary custody to the father, we find no abuse of his broad discretion in transferring the custody to the mother.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.