CHIASSON, Judge.
Louis J. Schober appeals the judgment of the trial court allowing custody of his two minor boys, ages ten and thirteen years, to remain with his former wife, Sharon Kron Schober.
In the divorce decree rendered in April of 1975, Mrs. Schober was awarded permanent custody of the minor children of the marriage. Subsequent to the divorce, Mr. Scho-ber remarried and on February 9, 1979, a custody rule was filed on his behalf. Mr. Schober alleged and later proved that his former wife had lived with her paramour in the same house with the minor children from July, 1978 until February 9, 1979, the same day the custody rule was served. He further asserted that the children were living in an unclean house, were allowed to drink alcoholic beverages and were generally neglected. Mr. Schober therefore contends that the best interest of the children would be served by granting him custody.
After hearing testimony, the trial judge found that the welfare of the children would be best served by permitting Mrs. Schober to retain custody. The trial judge placed little significance on an incident where one of the children was allowed a beer at Thanksgiving. He further found that the house was livable and not unwholesome. As to Mrs. Schober’s illicit relationship, the trial judge applied the rationale of *140 Monsour v. Monsour, 347 So.2d 203 (La. 1977). In that case, Mrs. Monsour lived with her paramour for approximately four months before being served with a custody rule. After being served with the rule, but before the hearing, Mrs. Monsour married the man with whom she was living. The trial court found that the mother’s remarriage indicated that she had reformed and refused a change of custody. This finding was affirmed by the Supreme Court after being reversed by the Court of Appeal.
Appellant contends that the trial judge erred (1) in applying the rationale of Monsour to the present case, and (2) in finding that Mrs. Schober adequately supervised the children and maintained a wholesome house.
It is well settled that the paramount consideration in any custody award is the welfare of the children. Once an award of custody has been made “the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed.” Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). Furthermore, upon review, the determination of the trial judge is entitled to great weight since he is in a better position to evaluate the conduct and character of the parties and to determine what is in the best interest of the children. Therefore, the trial judge’s findings should not be overturned in the absence of a clear showing of abuse. Fulco, supra.
After evaluating all the evidence, the trial judge in the present case felt that the welfare of the children would best be served by allowing Mrs. Schober to retain custody. The trial judge was apparently convinced that Mrs. Schober had reformed and was properly providing for her children. The record reveals that, when Mrs. Schober was served with the custody rule, she made her paramour move out of the house and has not allowed him to return. She is now aware of the impropriety of her action and does not intend to repeat it. Applying the above standard of review to the facts of this case, we are unable to conclude that the trial judge abused his discretion in the matter.
Appellant further contends that Mrs. Schober’s home is unwholesome and that she failed to adequately supervise the children. The resolution of these issues requires an evaluation of conflicting testimony. The trial judge found the testimony supporting appellee’s positions to be more reasonable and credible. The record amply supports these findings.
For these reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.