PRICE, Judge.
In these consolidated cases both parents sought custody of their six-year-old girl. The court awarded custody to the mother and granted her $250 per month child support, with an increase to $300 effective January 1, 1980. The father appeals and we amend the judgment to delete the January 1, 1980, increase and otherwise affirm.
The father’s primary contention is that the trial court erred in not finding the mother unfit to have custody of her daughter and that it would be in the child’s best interest to award him custody. He also contends the trial judge’s award of $250 per month was excessive and that the court’s decision to increase the award at a later date was an abuse of discretion.
The parties physically separated on September 29, 1979. The child remained with her father at that time, but only because the mother was prevented from leaving the home with her daughter.
In support of his contention that the ap-pellee was unfit, appellant offered the testimony of three persons; his brother, his cousin, and a close friend, who testified they each had committed adultery with ap-pellee on several occasions in 1977. Appel-lee denied she had sexual relations with any of these witnesses and contends appellant threatened to present such testimony if she persisted to seek custody of the child. In his oral reasons for judgment, the trial judge alluded to the fact that these confessed adulterers were closely associated with the husband and obviously found their testimony failed to establish the mother’s unfitness.
Other evidence presented to show the alleged unfitness of appellee was testimony of appellant that his wife went out dancing and would return late at night as often as three times a week. Although appellee admitted she had done this on occasion, she contends her husband frequently accompanied her on these outings and when he did not, she always informed him of her whereabouts.
The Supreme Court in Fulco v. Falco, 259 La. 1122, 254 So.2d 603 (1971) and again in Monsour v. Monsour, 347 So.2d 203 (1977) mandated that:
*894 Upon appellate review the determination of the trial court in child custody matters is entitled to great weight and its discretion on the issue will not be disturbed on review in absence of a clear showing of abuse.
Appellant contends the trial court erroneously based its findings on the maternal preference rule which he contends is contrary to C.C. Art. 146 as amended in 1979. From our examination of the record, we find no basis for appellant’s contention. The record seems clear that the trial judge, after hearing the testimony of all the witnesses and seeing their demeanor chose to believe the mother’s testimony over that presented by the father and determined that it would be in the best interest of the child to be placed in the care and custody of her mother. We find no error in these conclusions.
At the time of the hearing appellant was commuting to a nearby university and was scheduled to graduate with a degree in sociology sometime before January 1,1980. Although he had not yet secured employment associated with his studies, he did maintain a part-time job which netted him a slightly higher salary per month than appellee was earning as a full-time employee. Nevertheless the evidence shows this was a “standby” position and on past occasions he was forced to collect unemployment benefits.
We do not find the evidence to support a need for any sum in excess of $250 for child support which is the amount prayed for by appellee. In addition the accelerated award from $250 to $300 per month on January 1,1980, was based on the mere assumption that appellant would be successful in immediately obtaining employment at that time which would increase his earnings. We are of the opinion the trial court erred in ordering the accelerated increase under these circumstances.
For the reasons assigned the judgment awarding custody to appellee is affirmed and the judgment awarding child support is reversed insofar as it orders an increase to $300 beginning January 1, 1980, and is otherwise affirmed.
All costs are assessed to appellant, Roy Layne Pickett.