ELLIS, Judge:
This is a custody rule, in which Joseph Foret is seeking to obtain custody of his two minor daughters, Chrystal Ann, age 13, and Bridgette Mary, age 11. Custody was originally granted to their mother, Peggy Guidry Foret, by judgment dated October 31, 1969. From a judgment maintaining custody in Mrs. Foret, plaintiff has appealed.
At the time of the hearing, Mrs. Foret was separated in fact from her second husband, by whom she has a seven year old *100 daughter. She was working as a waitress in a cocktail lounge in Golden Meadow, her hours being from 6:00 p. m. until about 2:00 a. m., six days per week. She lives with her three daughters in a rented trailer.
Chrystal was not in school, having dropped out because she was pregnant. Her baby was born before the rule was filed, and was being raised by her maternal grandparents, who were planning to adopt it. The father of the baby had lived in the trailer with Mrs. Foret and her children, and had slept with Chrystal. They intended to marry, then changed their minds, but at the time of the trial, wanted to get married again. Chrystal was still dating the father, named Leo, who was 18.
Bridgette is eleven years old and in the fourth grade. She has failed in school twice. When Mrs. Foret is working she leaves the children with Sue Anne Lopez, Leo’s 17-year-old sister. Sue Anne is a senior at South Lafourche High School.
Mr. Foret has remarried, and is buying a home. He and his second wife have one child, and are both willing to care for his two daughters. Since 1969, Mr. Foret has contributed $75.00 per month for the support of his daughters, pursuant to the judgment of divorce. He testified that during that (time he had visited the girls about twice a month. During the first half of 1979, he saw the children less than three times, and not at all after this rule was filed. He talked to Chrystal after he found out that she was pregnant, and wanted her to get married. He testified that, other than the fact that Chrystal had been living with Leo, he found nothing else wrong with the way his wife was taking care of the children. He also wanted Chrystal to go back to school.
The trial judge gave no reasons for his ruling maintaining custody in the mother.
Article 157(A) of the Civil Code provides, in pertinent part, as follows:
“In all cases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the bést interest of the child or children, without any preference being given on the basis of the sex of the parent. . . .”
In Wilson v. Wilson, 378 So.2d 169 (La. App. 1st Cir. 1979), we said:
“It is settled that, following a ‘considered decree’ of custody, one seeking a change of custody bears the burden of proving ‘that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed.’ Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); Monsour v. Monsour, 347 So.2d 203 (La.1977). This court has held that the rule applies whether the ‘considered decree’ is one of temporary or permanent custody. Gulino v. Gulino, 303 So.2d 299 (La.App. 1st.Cir. 1974). “It is also settled that the primary consideration is the welfare and best interest of the children; that the trial judge has broad discretion in fixing custody; and that his determinations in custody matters will not be disturbed unless there is a clear showing of an abuse thereof. Fulco v. Fulco, supra; Monsour v. Monsour, supra.”
In this case, there is a clear abuse of his discretion by the trial judge. The moral atmosphere provided by Mrs. Foret is so obviously deleterious to the best interests of her daughters as to render any further discussion thereof pointless. It is clear that Mr. Foret can provide a proper and stable home environment for his children, and it is clearly in their best interests to be removed from the custody of their mother.
The judgment appealed from is therefore reversed and set aside, and there will be judgment herein awarding unto Joseph Foret the care, custody and control of Chrystal Ann Foret and Bridgette Mary Foret. All costs shall be paid by Peggy Guidry Foret.
REVERSED AND RENDERED.