415 So.2d 555 (1982)
Vikki F. RUTLAND
v.
James B. RUTLAND.
No. 15095.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Robert L. Kleinpeter, Baton Rouge, for plaintiff-appellee Vikki F. Rutland.
Roland C. Kizer, Jr., Baton Rouge, for defendant-appellant James B. Rutland.
Before COVINGTON, COLE and WATKINS, JJ.
*556 COVINGTON, Judge.
This is a dispute over child custody of a five year old girl, Kennan Leigh Rutland. On July 14, 1981, James B. Rutland was granted a divorce from Vikki F. Rutland, reserving to both parties "the right to pursue both child custody and child support." A separate hearing was held on October 1, 1981, and permanent custody was awarded to Mrs. Rutland in judgment signed on October 7, 1981. James Rutland appealed the custody award. We affirm.
Our examination of the record reveals that both parties are concerned and devoted parents, as well as loving (if not doting) parents. This young girl has been in the custody of the mother since the separation of the husband and wife on March 8, 1980, but has periodically visited with the father during that time. Mrs. Rutland has remarried, and the evidence shows that there is a good family relationship among daughter, mother and stepfather. She is capable of providing a good home for her child. The trial judge obviously concluded that Mrs. Rutland would provide the child with the more desirable home environment and that granting custody of Kennan Leigh to her mother was in the best interest of the child. In so concluding, he remarked:
"Well, this must be a precious little girl. She is talented. It is tragic that the parents no longer live together; but it is fortunate for her that I think both of these people strike me as very decent, loving parents; and I think the child would do well in either home...."
The law dictates that "the best interest of the child" must be the primary concern of the courts in granting custody. LSA-C.C. art. 157. An examination of the record reveals that the trial court gave proper weight to all of the factors in the case in determining the best interest of the child. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. See Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Monsour v. Monsour, 347 So.2d 203 (La. 1977). We find no such abuse in the present case.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.