ALFORD, Judge.
This is an appeal from a joint custody award. Plaintiff-appellant, James B. Rut-land, and defendant-appellee, Vikki Rutland Kilshaw,[1] were divorced on July 14, 1981. Permanent care and custody of the minor child of the marriage, Kennan Leigh Rut-land, was awarded to Mrs. Rutland by judgment dated October 7, 1981. That decision was affirmed by this court in Rutland v. Rutland, 415 So.2d 555 (La.App. 1st Cir.1982).
On April 26, 1983, Mr. Rutland filed a petition for joint custody. In accordance with the provisions of LSA C.C. art. 146, both parties submitted proposed joint custody plans. On November 7, 1983, the Family Court for the Parish of East Baton Rouge Parish rendered judgment awarding joint custody under the plan submitted by Mrs. Rutland. This plan provides for Kennan to be in the physical custody of Mrs. Rutland for ten months of the year with Mr. Rutland having physical custody for the remaining two months during the summer. Additionally, the plan provides for noncustodial visitation, holiday visitation and other related matters. Mr. Rutland appealed from the judgment seeking equal physical custody, or alternatively, at least three months physical custody. Mrs. Rut-land answered this appeal seeking sole custody of the minor child.
In Turner v. Turner, 455 So.2d 1374, (La.1984), decided September 10, 1984, the Louisiana Supreme Court again reaffirmed the best interest standard as the sole criterion to be used by trial courts in making custody awards. Additionally, determinations of the trial court in child custody cases are entitled to great weight and will not be disturbed on appeal absent an abuse of discretion. Stephenson v. Stephenson, 404 So.2d 963 (La.1981). After a careful review of the evidence presented in this case, we are of the opinion that the trial court did not abuse its much discretion in rendering the joint custody award.
Both Mr. and Mrs. Rutland presented experts in the field of clinical psychology in support of their respective positions. These experts, while disagreeing on what they would recommend as the ultimate outcome of this custody dispute, did both stress that Kennan’s home life stability was of prime concern. Additionally, both experts testified that for any custody plan to work, the parents would have to cooperate with each other.
It is apparent from the testimony presented in this matter that Mr. and Mrs. Rutland have totally failed to cooperate with each other regarding Kennan’s welfare. The experts were of the opinion that Kennan was beginning to show signs of the *68 stress caused by this continuing custody dispute. We are of the opinion that the custody award as rendered is in the best interest of Kennan given the lack of cooperation on the part of her parents. We are of the further opinion that the trial court committed no manifest error in weighing the evidence as it did. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be taxed to the appellant.
AFFIRMED.

. For the sake of clarity, we will refer to Mrs. Kilshaw as Mrs. Rutland in the remainder of this opinion.