GROVER L. COVINGTON, Chief Judge.
This is a custody contest. After hearing, the trial court denied custody to both parents and awarded custody of the children, who were about three (3) years of age and two (2) years of age at the time of the hearing, to the paternal grandmother. The mother has appealed this court order. We reverse and render. There is no basis in this record for granting custody to the paternal grandmother.[1]
*45 Although it is not entirely clear from the trial judge’s oral reasons dictated into the transcript of testimony, it appears that he found the mother morally unfit to have custody of these young children. It appears that he believed that the mother had committed adultery, though not in the presence of the children; she had smoked marijuana on occasion, though not in the presence of the children and she no longer smoked it; she had worked as a barmaid, but was presently employed as an angiog-rapher for an ophthalmologist in the Baton Rouge area and was studying to be a surgical technician; and that the children had had diaper rash, but, from the testimony of the witnesses, it was nothing that would not be expected in children of their ages.
We disagree with the trial judge that the totality of the circumstances reveals that the mother is morally unfit to have custody of these two children of tender years. We do not believe that the conduct of Mrs. Leisa Anderson created an unwholesome situation or was such a total disregard of acceptable moral principles as to indicate an inability to offer moral guidance for these children or to provide for their welfare. See Monsour v. Monsour, 347 So.2d 203 (La.1977).
In this connection, on the question of the mother’s moral unfitness, we note from the record that the sexual relationship between Mrs. Leisa Anderson and her paramour had terminated and there is no showing that it had a deleterious effect on the children. There is no proof that she engaged in and continued a public course of misconduct in defiance of generally accepted principles which could be regarded as detrimental to the children. Howes v. Howes, 388 So.2d 1182 (La.App. 4th Cir.1980), writ denied 393 So.2d 738 (La.1980). Judicial attitude toward this subject matter is illustrated by the case of Cleeton v. Cleeton, 383 So.2d 1231 (La.1980). The mother and father had separated. After separation, the mother had an affair with a married man. They sometimes spent the night together in a downstairs bedroom while the children, of adolescent and pre-adolescent ages, slept upstairs. The relationship terminated when the father sued to obtain custody of the children. The Court held that this affair did not amount to a relationship of concubinage or cohabitation. The relationship was deemed adulterous, but not indiscreet. Custody was granted to the mother under the totality of the circumstances.
The record also does not establish that the father is an unfit parent, and no effort was made by the mother to prove his unfitness, except for an attempt to show a history of substance abuse and his need for treatment therefor.
In this suit the father is seeking sole custody of these young children, and alternatively, joint custody.
The original judgment granted the care, custody and control to both parents jointly, with the primary domicile with the mother, subject to liberal visitation of the father. In her amended answer to the custody rule, the mother avers that joint custody would be in the best interest of these young children. The evidence, supports this position.
In the present situation, we find from the evidence that neither parent is legally unfit to have custody of the children. The burden of proof that joint custody is not in the best interest of the children is upon the parent requesting sole custody. La.C.C. art. 146 A(2). The mother has not sought sole custody, and the father has failed to prove that joint custody is not in the best interest of these children.
This Court orders, adjudges and decrees that the care, custody and control of the minor children, Theresa Kathryn Anderson and Angelle Nicole Anderson, be and it is hereby granted unto Leisa Kathryn White Anderson and Edward August Anderson, Jr., jointly, and that the primary domicile of the children shall be with their mother, Leisa Kathryn White Anderson and reason *46 able rights of visitation of their father, Edward August Anderson, Jr. The child support remains as fixed in the original judgment of February 17, 1983.
Joint custody means, among other things, a physical sharing of the children, but it does not necessarily mean an equal sharing of time. Each case will depend on the ages of the children, the situations of the parents and other factors relevant to a particular custody dispute. Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir. 1983).
This joint custody arrangement seems to be in the best interest of the children. It allows time for both parents to share to a reasonable extent in the upbringing of the children. It easily falls within the letter and the spirit of Article 146, as amended. The decision of the trial court is reversed and judgment is rendered as set forth here-inabove. Appellee, Edward August Anderson, Jr. is to pay all costs.
REVERSED AND RENDERED.

. It is well settled that a parent in a custody contest with a non-parent has a paramount right to the custody of the children and may be deprived of such right only for compelling reason. In accordance with this principle of law, it is well recognized that when a parent competes with non-parents of the child, the parent’s right to custody must be recognized unless the parent *45 is unfit or has forfeited parental right of custody by misconduct. LaPointe v. Menard, 412 So.2d 223 (La.App. 3rd Cir.1982); Snell v. Snell, 361 So.2d 936 (La.App. 2d Cir.1978), writ denied 363 So.2d 536 (La.1978).