WATKINS, Judge.
This is an action brought by Spaulding L. Cedotal, Jr., to obtain custody of his natural child from Spaulding L. Cedotal, Sr., the child’s grandfather. The trial court denied Spaulding, Jr. custody, and he appeals. We reverse.
Paul Knoblock was born out of wedlock of the union of Spaulding L. Cedotal, Jr. and Sarah Knoblock Guitreau on November 20, 1978. The child was initially cared for by his mother, who generally neglected him. In contradictory proceedings brought against Sarah Knoblock Guitreau, the grandfather, Spaulding, Sr., obtained custody of Paul by order of the 23rd Judicial District Court for the Parish of Ascension dated February 27, 1981, in proceeding Number 27,962. The present proceeding was brought by Spaulding, Jr., to obtain custody of Paul from Spaulding, Sr.
A parent has a paramount right to custody of a minor child as opposed to a non-parent, and may not be deprived of this right of custody unless he is unfit. Anderson v. Anderson, 469 So.2d 44 (La.App. 1st Cir.1985). The trial court found Spaulding, Jr. to be an unfit parent.
The grandfather, Spaulding, Sr., admitted that he “rules the roost” in his own house, in which he, his wife (Spaulding, Jr.’s mother), and two grown sons live, as well as Paul Knoblock, and stated that he can do anything he wants to do in his own house, which he testified he paid for (he rents the house). He admitted many prior incidents of drunkenness on his part and further admitted that at one time he held a knife to his wife’s throat for several minutes. This incident was confirmed by the wife’s testimony. However, he claims to have undergone some sort of religious conversion since that time, although he admits that on one occasion after his conversion he became so sick after having had three drinks that he was unable to drive Paul Knoblock home from Sunday School. Other testimony indicates he was drunk at the local bar. The boy, Paul, sleeps in one bed with his wife while he sleeps in another bed in the same room. The other bedroom in his house is occupied by the two grown sons mentioned previously.
Spaulding, Jr. lives in a two bedroom house. He is gainfully employed as a teamster. If he obtains Paul’s custody he will give Paul his own room. He has been planning and saving to recondition the house to permit Paul to live in it. He admits that up until about three years ago he smoked marijuana at times and that he still drinks several beers on occasion. Spaulding, Sr. objects strenuously to Spaulding, Jr.’s friends, stating that they are constantly going from one house to another, but provided in his testimony no more specific information as to their allegedly dissolute conduct.[1] Spaulding, Jr. owns his own home, unlike his father.
All in all, it appears to the court that if Spaulding, Jr., is unfit to have custody, *546 Spaulding, Sr., is even more so. A tyrannical figure who gets drunk and holds a knife to his wife is scarcely fit to have custody of his grandchild. We cannot agree with the trial court’s conclusion that Spaulding, Jr. would provide an unfit home, there being no evidence to support this conclusion. We feel that the trial court’s ruling amounted to a clear abuse of discretion. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). Although Spaulding, Jr. is somewhat unsuited to have custody of Paul Knoblock, Spaulding, Sr., is far more unsuited, and the faults that Spaulding, Jr. has are not sufficient to overcome the paramount right that a parent, as opposed to a non-parent, enjoys the custody of his minor child. Anderson v. Anderson, supra.
We therefore reverse the judgment of the trial court, and render judgment directing that Spaulding L. Cedotal, Jr., shall have custody of his natural son, Paul Knob-lock. All costs of this proceeding shall be borne by Spaulding L. Cedotal, Sr.
REVERSED AND RENDERED.
SHORTESS, J., concurs with reasons.

. Spaulding Cedotal, Sr., never even went so far in his testimony as to state Spaulding, Jr.’s friends were "dissolute”, but the inference is strong in his testimony that he so considered their behavior.