DOMENGEAUX, Judge.
This appeal arises out of a suit filed by Larry Randall Barton, plaintiff-appellee-fa-ther, seeking to change the physical custody of four year old Courtney Dianne Barton from that of defendant-appellant-mother, Dianne Poisso Barton Minton, to himself. The defendant-appellant reconvened by filing a rule for contempt and back due support; to establish scheduled visitation of the two minor children in plaintiff’s physical custody, Stacey Lynn Barton and Larry Christopher Barton; and to designate a specific date on which alimony payments became due.
Following a hearing on these matters, the district judge granted physical custody of Courtney Dianne Barton to the appellee-father and took no action on the appellant-mother’s rule. The appellant-mother appeals the decision of the district court.
On July 29, 1983, a judgment of separation was rendered, granting joint custody of the parties’ three minor children to both parties. However, the appellant-mother was granted physical custody of the minor daughter, Courtney Dianne Barton, and the appellant-father was given physical custody of the minor sons, Stacey Lynn Barton and Larry Christopher Barton. The separation judgment also provided for reasonable visitation rights for both parties, as well as for Mr. Barton to pay to Mrs. Barton $150.00 per month in child support.
In October 1983, after the judgment of separation was signed, the appellant, although still legally married to the appellee, began living with Mr. Lanny Minton.
On April 6, 1984, a judgment of divorce was rendered severing the marital bond between appellant and appellee.
Shortly thereafter, on April 21, 1984, the appellant, Dianne Poisso Barton married Lanny Minton.
On June 29, 1984, the appellee, Larry Barton, filed a petition to change the custodial residence of Courtney Dianne Barton alleging that the defendant-appellant, Dianne Poisso Barton Minton, had been guilty of adultery and that she was an unfit mother. The petition was filed in the 35th Judicial District Court, Parish of Grant.
On July 11, 1984, the appellant filed a rule against appellee for contempt and child support arrearages, to establish scheduled visitation, and to designate a specific date for child support to be paid. This action was filed in the 9th Judicial District Court, Parish of Rapides.
By joint motion of the parties the rule filed by the appellant was consolidated with *319 the appellee’s suit in the 35th Judicial District Court.
After a trial, the district judge ruled that it was in the best interest of Courtney Dianne Barton that she be placed in the physical custody of the appellee, Larry Barton. The district judge’s written reasons for judgment evinces to us that his decision to place Courtney Barton in the physical custody of her father was based upon a consideration of the moral fitness of the parties and under whose physical custody Courtney would be happier. The judgment was silent as to the demands made by the appellant in her petition and we must therefore conclude that her prayers were denied. The appellant appeals the decision of the district court.
The issues in this case as we appreciate them are:
1. Whether a mother who terminates her adulterous relationship by marrying her paramour can be deemed morally unfit to maintain the physical custody of her four year old daughter.
2. Whether the trial court may allow into evidence the discovery deposition of a 14 year old minor witness, who, although available as a witness did not testify at trial.
3. Whether the trial court erred in failing to award the appellant child support arrearages, to establish scheduled visitation, and to designate a specific date for child support to be paid.
ISSUE ONE
In changing the physical custody of Courtney Dianne Barton from her mother to her father, the district judge placed great emphasis upon the fact that the mother had “committed continuous acts of adultery” by living with her paramour. The district judge’s written reasons for judgment do not mention the fact that the appellant married her paramour shortly after her divorce from the appellee and more than two months before the appellee’s rule was filed.
It appears that the district judge failed to consider the jurisprudential rule of “reformation” which applies to a situation such as this. The jurisprudence states that when a parent terminates an adulterous relationship either by ceasing the immoral behavior or by marrying the paramour, that parent’s reformation obliterates the parent’s “previous course of open indiscretion and probable immorality” and can no longer be a factor in determining that parent’s fitness for custody. Shackleford v. Shackleford, 389 So.2d 825 (La.App. 3rd Cir.1980). See also Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); Monsour v. Monsour, 347 So.2d 203 (La.1977); Cleeton v. Cleeton, 383 So.2d 1231 (La.1980); and Atteberry v. Atteberry, 379 So.2d 18 (La.App. 3rd Cir.1979), writ granted, 381 So.2d 1231 (La.1980), writ denied, 386 So.2d 94 (La.1980).
We are of the opinion that the district judge erred in failing to consider the reformation rule in this case and for finding that the mother was morally unfit for physical custody based upon her prior indiscretions. The district judge erred in the standard he selected for a consideration .of the appellant’s moral fitness and therefore his determination that the appellant was morally unfit to maintain physical custody of Courtney was in error.
ISSUE TWO
A second issue involves the question of whether the district judge erred in allowing into evidence and considering the discovery deposition of Stacey Barton, the parties’ 14 year old son, who although available as a witness, did not testify at trial.
During the course of the trial the appel-lee’s attorney moved the court to offer into evidence Stacey Barton’s discovery deposition in lieu of direct testimony. Appellant’s counsel objected but the district judge overruled the objection and allowed the deposition into evidence.
The district judge’s written reasons indicate that he considered the subject deposi *320 tion in determining that Courtney would be happier in the custody of the appellee.
La.C.C.P. Art. 1450 provides the statutory regulations for use of deposition. That article, in relevant portion, states:
“At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
[[Image here]]
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (a) that the witness is dead; or (b) that the witness is at a greater distance than one hundred miles from the place of trial or hearing, or is out of this state, unless it appears that the absence of the witness was procured by the party offering the deposition; or (c) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (e) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.”
We are not convinced that the appellees proved any of the extenuating circumstances required by La.C.C.P. Art. 1450 for the use of the discovery deposition in place of the witness’ testimony.
Here, Stacey Barton was present at the courthouse and available as a witness. There was no argument made that as a 14 year old he was of such tender years so as to make him “unable to attend to testify.” Any predicament which may have arisen in causing the 14 year old to testify in favor of one parent over another could have been solved by having the minor testify in camera.
We therefore hold that the trial judge erred for having admitted the deposition into evidence and for having considered it to decide in whose custody Courtney would have been happier. The deposition should have been excluded from evidence. See Kleas v. Mayfield, 404 So.2d 500 (La.App. 3rd Cir.1981).
ISSUE THREE
As we noted supra, on July 11, 1984, the appellant filed a rule for contempt and child support arrearages, to establish scheduled visitation, and to designate a specific date for child support to be paid. The judgment of the district court in this action was silent as to these demands and we must therefore conclude that they were denied.
As regards the child support arrearages, we are of the opinion the appellant is entitled to past due support payments for the months of June, July, and August of 1984. The judgment of separation between these two parties condemns the appellee to pay $150.00 per month child support to appellant. With apparent defiance, the appellee testified at trial that he took it upon himself to cease payments after the May 1984 payment. He is therefore in arrears for $450.00 and those support arrearages are hereby made executory. The appellant is further entitled under the provisions of La. R.S. 9:305 to attorney fees and we fix those fees in the amount of $650.00 for representation at trial and on appeal.
We also feel that this case should be remanded to the district court for a consideration of a reasonable visitation schedule and a schedule setting a due date for the payment of any child support which might be considered necessary. The district judge may require the parties to provide a plan of implementation for the execution of the joint custody which these parties have of their minor children. This plan should *321 include a visitation schedule as well as a schedule for support payments which may arise. This plan for implementation is authorized by La.C.C. Arts. 157 and 146.
For the above and foregoing reasons the decision of the district court which changed the physical custody of Courtney Dianne Barton from the residence of her mother, Dianne Poisso Barton Minton, to the residence of her father, Larry Randall Barton, is hereby reversed. We remand the case to the district court for a determination of the physical custody which would be in the best interest of Courtney and which would not be contrary to the views expressed herein. We further Order that the physical custody of Courtney Dianne Barton be returned to her mother, Dianne Poisso Barton Minton pending hearing on remand.
The case is also remanded to the district court for a consideration of an established visitation schedule for the parties and their three minor children and also to set a due date for any child support payments which the district court may find necessary.
It is also Ordered, Adjudged, and Decreed, that Larry Randall Barton pay to Dianne Poisso Barton Minton $450.00 in child support arrearages with legal interest thereon from date of judicial demand, and further the sum of $650.00 in attorney fees.
All costs both at trial and on appeal to be assessed against appellee.
REVERSED, RENDERED AND REMANDED.
FORET, J., concurs.