235 So.2d 166 (1970)
Barbara Jean Hubbard TUGGLE, Plaintiff-Appellant,
v.
Billy Herman TUGGLE, Defendant-Appellee.
No. 11419.
Court of Appeal of Louisiana, Second Circuit.
April 28, 1970.
Lynch & Freeman, by J. Stacey Freeman, Bossier City, for plaintiff-appellant.
James B. Wells, Bossier City, for defendant-appellee.
Before AYRES, BOLIN and DIXON, JJ.
DIXON, Judge.
The only question on appeal is the custody of four minor children of the marriage between Billy H. Tuggle and Barbara Jean Hubbard Tuggle. The judgment of the trial court awarded custody of the children, *167 Sheree Lee Tuggle, age twelve, Billie Karen Tuggle, age eleven, Teresa Joy Tuggle, age eight and Duane Harold Tuggle, age six, to their father.
The evidence adduced at the trial shows that appellant, Barbara Jean Hubbard Tuggle, was married to appellee, Billy H. Tuggle, on October 7, 1955 in Little Rock, Arkansas. In September of 1966 the parties established their matrimonial domicile in Bossier Parish, Louisiana.
The defendant was assigned to a tour of duty in Vietnam in September of 1968. The defendant's wife was employed at the Barksdale Air Force Base NCO Club as a hostess-cashier. She worked approximately four days a week from the hours of five in the afternoon until about eleven o'clock at night. While at work she met Sergeant Marvin L. Mobley.
Mrs. Tuggle testified that Sergeant Mobley moved into her home for approximately a three month period of time for the purpose of repairing certain household objects, babysitting with the children while she worked, and protecting her and the children from prowlers. She admitted that Sergeant Mobley slept in the same bed with her and the two youngest children. She also admitted that she and Sergeant Mobley and the children made a trip to Florida and another to Arkansas.
The main burden of the household chores rested with the oldest daughter, Sheree, during four evenings while appellant worked at the club. The husband was supporting the family, while he was in Vietnam, by sending $375.00 a month for the first five months and then $575.00 a month.
The defendant returned from Vietnam on September 2, 1969. He discovered from his children the details concerning Sergeant Mobley's residing in the house. At this point he removed the children from the house and placed them at his sister's.
The appellant originally brought suit against appellee for a separation from bed and board, alleging abandonment of the marital domicile. She also asked for custody of the four minor children. The appellee reconvened, seeking a final divorce on the grounds of adultery and the custody of the four children. He was granted a final divorce and the permanent care, custody and control of the minor children. The plaintiff has appealed this judgment insofar as it awards the custody of the four minor children to their father.
Article 157 of the Louisiana Civil Code of 1870 is applicable:
"In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party. The party under whose care a child or children is placed, or to whose care a child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died. (As amended Acts 1921, Ex.Sess., No. 38; Acts 1924, No. 74)."
In our jurisprudence there has grown a general rule which has allowed the mother preference in custody cases unless she is morally or otherwise unfit, or unless she is incapable of giving the children proper care and guidance. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960).
Appellant strongly relies upon a line of decisions which have stated that adultery alone is not sufficient to deprive a mother of her children when in every other respect she can provide a good home and care for them. Lovell v. Lovell, La.App., 205 So.2d 470 (1967); Brown v. Brown, La.App., 180 So.2d 106 (1965); McCaa v. McCaa, La. App., 163 So.2d 434 (1964); Bush v. Bush, La.App., 144 So.2d 119 (1962).
The instant case differs from the above cited cases in that Mrs. Tuggle was *168 not guilty of a single indiscretion, but rather of a calculated continued course of illicit relationship. She openly and publicly embarked upon a course of repeated indiscretions in total disregard of moral principles. Such utter disregard for the rules of propriety can but have an ill effect on the children involved. Morris v. Morris, La.App., 152 So.2d 291 (1963).
From the facts and circumstances revealed by the record in this case we conclude that the trial judge did not err in awarding the children to Mr. Tuggle.
For the reasons assigned, the judgment appealed from is affirmed; appellant to pay all costs.