MARVIN, Judge.
The lower court changed custody of a nine-year-old son from the mother to the father about eight months after divorce. On the mother’s appeal, we affirm.
Three older children were awarded to the father in the original divorce proceedings successfully instituted by the father on the grounds of adultery. The nine-year-old son remained in the mother’s custody by agreement. Following divorce, the mother began living with her paramour in open concubinage with the child in the home. Tuggle v. Tuggle, 235 So.2d 166 (La.App.2d Cir. 1970); Murray v. Murray, 220 So.2d 790 (La.App. 1st Cir. 1969). The mother testified that the son had never said anything about the situation in which he is living. “. . . He doesn’t see what is wrong with living with Mr. Sharron [the paramour]. This is where he wants to be.”
Unlike Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), this .mother had not ceased living in concubinage and had not moved with the child into a more conventional home at the time change of custody was sought and awarded. As in Murray, we recognize our duty to promote and protect the moral welfare of the child as we believe was done by our brother below.
The trial court’s award of custody is not to be disturbed in the absence of a clear abuse of discretion. Fulco, supra; Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972).
At appellant’s cost, judgment is
AFFIRMED.