335 So.2d 705 (1976)
Samuel Overton DENTON, Plaintiff-Appellant,
v.
Eula Marie Denton MESHELL, Defendant-Appellee.
No. 12956.
Court of Appeal of Louisiana, Second Circuit.
July 7, 1976.
Rehearing Denied August 3, 1976.
Wilson & Veatch by Thomas A. Wilson, Shreveport, for plaintiff-appellant.
Nesib Nader, Shreveport, for defendant-appellee.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied August 3, 1976.
MARVIN, Judge.
The issue on the father's appeal is whether the lower court erred in denying a change of custody of a five-year-old son when the mother of the child admittedly is living in open adultery. We reverse the lower court and award custody to the father.
These parties were married for less than three years and were divorced in 1973, at which time custody was awarded to the mother. Before this marriage, the defendant-mother was married to a Donald Meshell. After the 1973 divorce, she married for the second time and lived with Donald Meshell for several months. She has not lived with Meshell, her present husband, for several months prior to plaintiff's suit, but admittedly has been living in open adultery with one John Streetman in a two-bedroom house trailer. Also living in the house trailer are the five-year-old Denton *706 child and four other minor children born of the Meshell union.
Mrs. Meshell also admitted during the trial that she had lived in open adultery with another man before she moved in with Streetman. Donald Meshell testified in this case. He has pending against this defendant a suit for divorce and for custody of his children on some of the same circumstances at issue here.
The plaintiff-father, Denton, resides in an apartment with his mother and has sometimes had his son visit there since custody was awarded to his ex-wife. In 1975, the child was with his father for one continuous period of five months. In the past, the father has had problems with alcohol and has been convicted of D.W.I. on three occasions. The record indicates the father's alcoholic tendencies to have been under control for about three years and that the child would be well cared for and superintended by the father and paternal grandmother.
Mrs. Meshell's contention that she intends to marry Streetman does not legally absolve her of the continuing adulterous relationship and its natural and probable consequences upon her five-year-old son.
In Parks v. Parks, 331 So.2d 505 (La.App.2d Cir. 1976), on very similar facts, we changed the custody of a nine-year-old son to the father from the mother who was living in open adultery. There we said:
"Unlike Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), this mother had not ceased living in concubinage and had not moved with the child into a more conventional home at the time change of custody was sought and awarded. . . [W]e recognize our duty to promote and protect the moral welfare of the child ..."
Fulco recognizes as a rebuttable presumption the so-called maternal preference rule and that the trial court's determination of custody is entitled to great weight. See also Caraway v. Caraway, 321 So.2d 405 (La.App.2d Cir. 1975), and Welch v. Welch, 307 So.2d 737 (La.App.2d Cir. 1975). In this case, however, the father has met the heavy burden of proof required of him to successfully rebut the presumption. Mrs. Meshell's continued open and illicit relationship renders her morally unfit to retain custody and we must conclude the trial court erred in determining otherwise.
The trial court said:
"There is an absence in this trial whether or not there is any detriment to this child. Apparently his health is all right. As far as this record goes, the child is getting along all right. I am aware that the conditions out there are far from ideal, in fact of the matter, it is close to being bad, but this child is very, very young. A five year old child not even old enough to go to kindergarten, could not get the impact that would ordinarily be made on children of a different age. Now if it had [been] these other childrenolder children out therehad their situation [been] before me, it could very well be different. The law prefers the mother for young children and you have to make your decision as to the conditions that existed at the very moment. I don't believe it is enough at the very moment effecting this child of tender years to remove it from the mother. Now, if it were those other children it might be different. Petition denied."
The trial court's conclusions are contrary to our holding in Tuggle v. Tuggle, 235 So.2d 166 (La.App.2d Cir. 1970), where the mother was living in similar circumstances as here. We hold here, as we did there, that:
"Such utter disregard for the rules of propriety can but have an ill effect on the children involved [ages 12, 11, 8 and 6 years]." ibid., at page 168.
The judgment below is reversed and accordingly,
*707 IT IS ORDERED that permanent custody of Samuel O. Denton, Jr., be awarded unto his father, Samuel O. Denton, Sr., subject to the right of the child's mother, Eula Marie Meshell, to visit with the child and have the child visit with her at reasonable times, places and intervals. Costs of this appeal and costs below are assessed against appellee, Mrs. Eula Marie Meshell.
Reversed and rendered.