JONES, Judge.
Ronald Thomas Monsour, Sr. instituted this action against his former wife to obtain custody of their child, Ronald Thomas, Jr. The lower court retained custody in the mother and plaintiff appeals.
The issue is whether the lower court erred in denying a change of custody for an 8 year old boy when the mother had admittedly been living in open concubinage for some four months when the change of custody suit was filed.
We reverse the lower court and award custody of the boy to his father.
The defendant became acquainted with one Hank Shelton some time in 1975 and permitted Shelton to spend the 1975 Labor day weekend and the Christmas week in her apartment with her and her son. The mother and Shelton slept together during these periods, and on January 18,1976 Shelton moved into the apartment with defendant and her son. They lived in open concubinage until this custody suit was instituted on April 6, 1976. Defendant married her paramour on April 12, 1976.
Our jurisprudence is clear in establishing the standard of moral conduct required of a mother in matters of determination of custody:
* * * Proof of one act of adultery, or even of several acts with the same paramour, does not necessarily render morally unfit a mother who is otherwise suited for custody, . . . . However, where the mother has recently lived in open and public adultery with her paramour for a substantial period of time, in total disregard for the moral principles of our society, the courts have generally held the mother is morally unfit for custody.
[Johnson v. Johnson, 268 So.2d 114, 118 (La.App., 3d Cir. 1972)]
See also Parks v. Parks, 331 So.2d 505 (La. App., 2d Cir. 1976); Denton v. Meshell, 335 So.2d 705 (La.App., 2d Cir. 1976).
Defendant testified she saw nothing wrong with living with her boy friend in the presence of her son but admitted the arrangement was wrong in the eyes of society. The boy friend stated that it never really dawned on them that there was anything wrong with their relationship. There were some indefinite plans between defendant and Shelton that they would possibly marry each other at some future time. The mother frankly admitted she and Shelton entered into the marriage because she felt it would assist her in the defense of the custody suit.
The mother engaged in a lengthy, calculated and continuous public course of misconduct detrimental to the interest and welfare of her minor son. On one occasion the mother and her boy friend engaged in sexual intercourse under such circumstances that the 8 year old boy came into the room and observed them in the act. The court in Tuggle v. Tuggle, 235 So.2d 166 (La.App., 2d Cir. 1970), in discussing this type of conduct on the part of a mother, said:
“ * * * Such utter disregard for the rules of propriety can but have ill effect on the children involved.” Id. p. 168.
After such a total disregard of the welfare of her minor son and such a consistent *490 pattern of immoral conduct in his presence, the convenient marriage to her paramour does not reflect a true change of mental attitude on the part of defendant, or evidence that she will in the future provide her son with proper moral guidance.
“Past misconduct forms an important consideration in determining the present suitability of a parent . . .
[Borras v. Falgoust, 285 So.2d 583, 588 (La.App., 4th Cir. 1973)]
We find that the best interest of the minor son will be served by his being placed in the custody of his father. The father can supply his son with proper moral guidance, comforts, necessities and conveniences of life. He has a lovely home; his present wife will assist him in providing his son with the love, care and supervision necessary to the best welfare of the child.
For the foregoing reasons, we find that the trial judge abused his discretion when he retained the custody of the minor child with his mother.
The judgment below is reversed and accordingly, IT IS ORDERED that the permanent custody of Ronald Thomas Mons-our, Jr. be awarded unto his father, Ronald Thomas Monsour, Sr., subject to the right of the child’s mother, Roxie Ann Monsour Shelton, to visit with him and have him visit with her at reasonable times, places and intervals.
Costs of this appeal, and costs below are assessed against appellee, Roxie Ann Mons-our Shelton.
Reversed and rendered.