341 So.2d 580 (1977)
James E. BECK, Plaintiff-Appellee,
v.
Caroline W. BECK, Defendant-Appellant.
No. 13090.
Court of Appeal of Louisiana, Second Circuit.
January 10, 1977.
*581 Kitchens, Benton & Kitchens, by John B. Benton, Jr., Minden, for appellant.
Fish & Montgomery by John W. Montgomery, Minden, for appellee.
Before PRICE, HALL and JONES, JJ.
JONES, Judge.
The husband instituted this action against his former wife to obtain custody of their youngest child, a seven-year-old son. The lower court changed custody to the father and the mother appeals.
The only issue is whether the lower court erred in granting a change in custody of a seven year old boy when the mother admittedly had been living in open concubinage for some four or five months when the change of custody suit was brought. We affirm the lower court.
The mother was awarded custody of the child in a separation obtained by her on *582 November 7, 1974. The father was awarded custody of the two other minor children in the same judgment. The parties were divorced about a year later, and custody of the children remained the same. The father sought the change in custody about six months after divorce.
The mother and her paramour have or had the same employer. She admits she allowed her paramour to move into the house trailer she occupied with her young son and that she and her paramour engaged in sexual relations. Although she testified this arrangement was to only be a temporary one, the paramour remained for four or five months, and did not move out until after service of the Rule in this case. Her paramour is a married man, judicially separated from his wife.
Proof of one act or several acts of adultery with the same paramour does not necessarily render morally unfit a mother who is otherwise suited for custody. However, where the mother has recently lived in open and public adultery with her paramour for a substantial period of time, in total disregard of the moral principles of our society, the mother is generally held morally unfit for custody. Monsour v. Monsour, 339 So.2d 488 (La.App., 2d Cir. 1976).
The mother admitted she never thought her arrangement with her paramour was right, and she knew it was morally wrong. However, she claims because her son never saw her and the man in a state of undress, or while engaged in sexual matters and because her son had no knowledge of sexual matters, she didn't think this activity harmed the boy in any way. We disagree.
The testimony at trial established the child is extremely intelligent and was fully aware that the man was living with his mother. It is within common knowledge and experience that a child learns by example, especially from his parents. Such utter disregard for moral guidance and social standards can have but ill effect on the young son. Tuggle v. Tuggle, 235 So.2d 166 (La.App., 2d Cir. 1970).
Defendant urges although she has been guilty of immoral conduct, she has redeemed herself by requiring her paramour to move out of her trailer, and discontinuing sexual relations with him. We do not feel such actions, performed only after service of the Rule, are sufficient to show she has redeemed herself, or are an indication that she would provide continuing good moral guidance for her young son.
"Past misconduct forms an important consideration in determining the present suitability of a parent...."

Borras v. Falgoust, 285 So.2d 583, 588 (La.App., 4th Cir. 1973)
The mother also argues the father has not shown he is in a position to provide the proper environment should a change in custody be upheld. She introduced evidence the father takes Darvon[1] regularly without a prescription. There is no evidence the taking of this medication has any adverse effect on his performance as a father. The evidence established the father is able to provide a proper home for the boy. The trial court noted the father had custody of the boy practically every weekend since the separation, as well as the permanent custody of the other two children of the marriage.
The trial court found the best interests of the minor would be served by awarding custody to the father. The determination of the trial judge is entitled to great weight upon appellate review. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). We agree with his decision.
The judgment appealed from is affirmed, appellant to pay all costs of this appeal.
Affirmed.
NOTES
[1] A medical doctor testified Darvon is a synthetic pain medication, stronger than aspirin but weaker than codeine, and is not a controlled narcotic, although a prescription is required. He further stated the amount being taken by the father was not excessive provided he had a reason for taking it. The father testified he took it for pain emanating from an old knee injury.