SAMUEL, Judge.
This is an appeal taken by the plaintiff mother from a judgment changing custody of her minor son from herself to the child’s father.
The litigants were married December 14, 1968, judicially separated January 23, 1973 and divorced April 26, 1974. Plaintiff was awarded the care, custody and control of the child in the separation and divorce judgments without opposition from the defendant. Subsequently, in 1974, 1975 and 1976, defendant filed contempt rules against the plaintiff based on her alleged refusal to comply with visitation privileges awarded him. On March 3, 1976 defendant filed the present rule seeking a change of custody based on the alleged moral unfitness of the plaintiff and, with various specifications, on the alleged unsuitability of the conditions under which the child was being raised.
At the trial of the rule on May 4, 1976, when the child was 5 years of age, it was stipulated the plaintiff had been living in open concubinage with a man named Don Lyon since October, 1974 (they had been dating two or three months prior to that time) and that she and Lyon had been married the week before May 4, 1976. During the trial plaintiff admitted she and Lyon had lived together since September, 1974. She stated they were able to get married only after Lyon and his former wife were divorced by judgment dated April 27, 1976.
In this court appellant contends: (1) the trial court erroneously punished her for past indiscretions (living with Lyon, indiscretions which were cured by their marriage); and (2) the trial court erred in refusing to grant her motion for a new trial based upon the allegation that Lyon’s former wife had committed perjury.
We first consider the second contention. It is based on the fact that the witness had testified she had not intentionally attempted to delay the pending divorce proceeding between herself and Don Lyon while this custody rule was pending whereas, as shown by an attached affidavit given by Lyon’s attorney in that divorce proceeding, the contrary was true. We do not agree with the contention.
As pointed out in the trial court’s written reasons for denying the motion for *862 a new trial, the alleged perjured testimony was not germane to the issue of custody in this case and, even if true, would not justify a change in result. The witness testified with regard to only two matters. First, she identified the record of her divorce proceedings in the suit against Lyon in the Nineteenth Judicial District Court, testimony not necessary for the introduction of those proceedings inasmuch as properly certified copies thereof were introduced into evidence. Second, on cross examination she was asked if she had delayed her divorce proceedings pending this custody rule. Her answer was that she had not and the asserted testimony of Lyon’s attorney allegedly would show this answer was incorrect. The fact is that the witness’s divorce from Lyon was obtained on April 27,1976 and whether it could have been obtained sooner if she had been agreeable to an earlier disposition is immaterial insofar as the present custody matter is concerned.
Nor do we agree with the first contention. It is true that in his reasons for judgment, which he gave orally from the bench, after stating his primary concern was the welfare of the boy, the trial court did emphasize plaintiff’s immoral conduct in living in open concubinage with Lyon. He stated he was impressed by the fact that she was not a juvenile but rather an intelligent young woman who, by her own testimony, knew she was doing wrong and so acted regardless of the consequences insofar as concerned the small boy who resided with them, thus exposing the child to an environment which would lead him to believe this was proper conduct.[1] He was concerned with what he considered plaintiff’s “flouting” of court orders regarding visitation and, inferentially, with her willingness to ignore and violate not only social mores, but legal ones as well. He also stated he found the record replete with evidence which satisfied him the child would be better off with the father and the latter’s present wife.
We note the record contains evidence, both in the form of testimony and the above referred to divorce pleadings and judgment between Lyon and his former wife, showing or tending to show use of marijuana by plaintiff and Lyon. That part of this evidence which consists of testimony is conflicting, but there is enough apparently credible testimony to support a factual basis for a finding of such use.[2] And, in connection with the granting to Lyon of visitation rights with his minor daughter the judgment of divorce between him and his former wife specifically provides those rights shall “never be exercised in the presence of any drug users, and at no time shall said minor child be exposed to any immoral conduct.”
In Fulco v. Fulco, 259 La. 1122, 254 So.2d 603, 605, the Supreme Court of Louisiana said:
“Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof.”
We find no abuse of discretion in this case.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. In this connection see Beck v. Beck, La.App., 341 So.2d 580.

. See Canter v. Koehring Company, La., 283 So.2d 716, 724.