369 So.2d 1216 (1979)
Jack Clark McCURDY, II, Plaintiff-Appellee,
v.
Shirley Carlene Ammar McCURDY, Defendant-Appellant.
No. 13834.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1979.
Rehearing Denied May 3, 1979.
*1217 Booth, Lockard, Jack, Pleasant & LeSage by James E. Bolin, Jr., Shreveport, for defendant-appellant.
Walker, Holstead & Smith by R. Wayne Smith, Ruston, for plaintiff-appellee.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied May 3, 1979.
PRICE, Judge.
The plaintiff-husband obtained a divorce from the defendant-wife on proof of adultery and was awarded custody of their two minor children. Defendant has appealed from the judgment awarding custody contending the trial court erred in making its determination on an erroneous interpretation of the prevailing jurisprudence, in improperly conducting the custody hearing in open court, and in denying defendant the opportunity to present evidence to show plaintiff's unfitness to have custody of the children. Defendant asks that the judgment be reversed and she be awarded custody, or alternatively, the judgment be set aside and the case remanded to afford her proper hearing. We affirm for the reasons assigned.
The undisputed evidence establishes that on May 25, 1978, defendant left the matrimonial domicile on Lake Claiborne, near Homer, Louisiana, and began living with a male acquaintance in Bossier City. She continued this cohabitation from May 25, 1978, through the date of trial on October 30, 1978. During most of this period the two children resided in the apartment with defendant and her paramour although occupying a separate bedroom.
Although defendant admits this unlawful cohabitation, she contends the trial *1218 judge was in error in depriving her of the custody of her four and eight-year-old sons primarily because of these circumstances. Defendant contends the court erroneously relied on the decision of this court in Monsour v. Monsour, 339 So.2d 488 (La.App. 2d Cir. 1976), which was later reversed by the Louisiana Supreme Court, 347 So.2d 203 (La.1977). This argument is not well taken. The trial judge, in his reasons for judgment, cited and relied on a number of cases holding that it is not in the best interest of children to award their custody to the mother where she has recently lived in open and public adultery with her paramour for a substantial period of time in total disregard for moral principles of society.[1] The Louisiana Supreme Court decision in Monsour does not support defendant's position. In Monsour the trial court awarded custody to the mother even though she had lived in cohabitation with her paramour for a substantial period of time. The trial court found her marriage to him prior to the custody hearing purged her prior conduct and it was in the child's best interest to be with the mother. This court was reversed primarily because it disturbed the discretion of the trial court in a custody matter. The instant case is the reverse of Monsour as the trial court found the defendant's conduct to be detrimental to the children's welfare. The defendant in this case continued her unlawful relationship through the date of trial.[2] There was also other evidence in this case casting doubt on defendant's ability to provide a stable environment which the trial court could have considered in rejecting defendant's demand for custody.
We do not find the trial court's award to be in conflict with the prevailing jurisprudence including the Louisiana Supreme Court decision in Monsour.
Defendant's request for a remand is based on four factors: (1) she was required to go to trial without counsel; (2) there were interrogatories submitted by her original counsel which were not properly answered by plaintiff; (3) the custody hearing was not held in chambers as required by La.C.C. Art. 157; and (4) she was unduly restricted in her presentation of evidence to rebut plaintiff's allegations that he was a fit person to have custody.
The record does not show any prejudice to the rights of defendant by the trial judge in relation to defendant's failure to have counsel at trial. In view of the fact that two different attorneys had withdrawn from representation of defendant since the beginning of this litigation, the trial court gave defendant a delay of approximately two weeks after the withdrawal on October 13 of defendant's last counsel to make further arrangements for representation. The court properly required the matter to proceed to trial on October 30 (some three months after date of filing) even though defendant had not employed additional counsel. There is no showing her lack of counsel was due to financial inability as defendant spent between May 25 and the October trial date some $14,000 obtained from her part of the sale of community property and advances by plaintiff.
Defendant has further failed to show she was prejudiced because of the absence of a formal answer to the interrogatories propounded to plaintiff. Although the record is unclear in this regard, there is an indication that prior to the withdrawal of defendant's latest counsel, some informal communication of the information sought was made at the suggestion of the court. In any event, there was no objection raised to proceeding with the trial on the merits without receipt of the information sought by the interrogatories.
Defendant next contends that the custody proceeding was null because it was held in open court which is in contravention *1219 of La.C.C. Art. 157. The recent amendment of this article does mandate that a custody hearing be held in chambers. This provision is apparently intended to afford privacy to the litigants in the sensitive area of determining fitness for custody of children. We see no reason why it could not be waived by the parties, and in the instant case, the agreement to try the custody issue along with the merits of the divorce action in effect waived the requirement that the custody hearing be held in chambers. We can see no prejudice in this matter as the evidence concerning defendant's adultery and cohabitation presented in the divorce proceeding was also the principal evidence on which the custody determination was grounded.
Defendant's argument that she was restricted in presenting evidence to rebut plaintiff's allegations that he was a fit person for custody is based on the ruling of the court on an objection made by plaintiff's counsel to defendant's attempt, in the absence of allegations in her responsive pleadings, to explain that her leaving plaintiff was not just to have an affair, but because of past acts of cruel treatment toward herself and the children by plaintiff. The court instructed defendant it would permit her to discuss events surrounding her leaving provided the time frame was within a reasonable period with reference to the time defendant left the domicile. Defendant was then allowed to narrate without interruption by the court or plaintiff's counsel the accusations she advanced against plaintiff relating to excessive use of alcoholic beverages, physical abuse of and continued bickering with defendant in the presence of the children.
The only witness called by defendant to corroborate her testimony was the wife of her brother who lived in Longview, Texas, who was permitted to testify without restriction. This witness seldom visited in the home with the parties and had no direct knowledge of any of the accusations made against plaintiff by defendant. There is no showing that defendant had other witnesses present or subpoenaed to testify as to plaintiff's unfitness which she was prevented from calling by the trial court's ruling. The plaintiff did, on the other hand, present substantial evidence as to his fitness to have the custody of his children.
Under the circumstances shown we do not find defendant has shown sufficient prejudice to justify the annulment of the judgment and our remanding for the purpose of allowing her to present further evidence.
For the foregoing reasons, the judgment is affirmed at appellant's cost.
NOTES
[1] Murray v. Murray, 220 So.2d 790 (La.App. 1st Cir. 1969); Tuggle v. Tuggle, 235 So.2d 166 (La.App. 2d Cir. 1970); and Johnson v. Johnson, 268 So.2d 114 (La.App. 3d Cir. 1972).
[2] Although defendant has asserted in brief to this court that she has married her paramour since the divorce decree, this was not a factor presented to the trial judge and is not part of the record for review.