370 So.2d 684 (1979)
Carol Ann SPENCER, wife of Felix Talabock, Jr.
v.
Felix TALABOCK, Jr.
No. 9879.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1979.
Rehearing Denied May 17, 1979.
*685 Thomas J. Toranto, Jr., New Orleans, for plaintiff-appellee.
Arthur G. Kingsmill, Gretna, for defendant-appellant.
Before REDMANN, LEMMON and GARRISON, JJ.
LEMMON, Judge.
Felix Talabock has appealed from a judgment denying his rule for change of custody of the only child born of the marriage, complaining that the trial court in reasons for judgment relied on the outdated concept of maternal preference. We agree that the legislative amendment of C.C. art. 157 clearly rejected preference in custody determinations based on the sex of the parent, rather than on the best interest of the child, but we affirm the mother's retaining of custody on another basis.
When the parties initially separated in December, 1974, a consent judgment was rendered, awarding the mother custody of the four-year-old boy. The April, 1976 default judgment of divorce confirmed the previous award. In October, 1976 the parties entered into a consent judgment granting the father temporary custody until the end of the 1976-77 school year, and the parties subsequently entered into another consent judgment continuing custody in he father through the 1977-78 school year. Just prior to the expiration of the latter judgment the father filed the rule at issue in this appeal.
At trial the parties disagreed as to the reason the mother had consented to change of custody. Mrs. Talabock testified that she was unable to cope emotionally with the doctor's diagnosis of her multiple sclerosis and needed temporary help, while Mr. Talabock stated that he discovered his former wife was living with another man and that she agreed to a temporary change of custody in order to prevent his filing suit for custody based on the illicit relationship. Significantly, both parties agreed they intended that the change would be temporary and that the child would be returned to the mother in June, 1977.
When a judgment grants permanent custody to one parent, the other parent who subsequently seeks to change custody has the burden of establishing a significant basis for the court to grant the requested change. The only significant reason for granting custody to the father in this case is that he had actual physical custody for 20 or 21 months. Nevertheless, this arrangement was always intended to be temporary, and it would be grossly unfair to use Mrs. Talabock's consent to this temporary arrangement (at least under the circumstances described by her) as the sole basis for depriving her of custody permanently. At best the fact of the father's actual physical custody can be used to argue that the requested change of legal custody would not have the usual traumatic effect of upsetting the stability and security of an established relationship.
While the judgment under review is the first considered determination of custody, *686 and while the asserted legal basis was incorrect, this record nevertheless fails to establish a compelling basis for changing the previous custody award granted by consent.[1]
Mrs. Talabock is living with her parents, who can provide adequate supervision while she is working, and her father at time of trial had completed plans for an additional bedroom in anticipation of the boy's return. Mrs. Talabock had long since ended the questioned relationship with the man to whom she was engaged at the time of transfer of custody, and her disease, while definitely diagnosed, had not progressed.
While the decision in this case could go either way on the evidence, custody is always an open issue, and under the overall circumstances we cannot say that the best interest of the child requires a change in the earlier award of custody by consent.
AFFIRMED.
NOTES
[1] Furthermore, because legal custody was continued in the mother by the June, 1978 judgment, she has also had physical custody since that time.