PONDER, Judge.
Defendant-in-rule appealed from a judgment ordering the change of custody from her and from a judgment denying a change of custody back to her.
The sole issues are the propriety of those judgments.
We affirm.
Defendant on October 19, 1979, secured a judgment of divorce on grounds of adultery and the award of custody of the five year old daughter. Shortly thereafter plaintiff-in-rule married his co-respondent. In December, 1979, after discussing the matter with plaintiff-in-rule and allegedly receiving approval, began living with Wade Bourgeois, not yet divorced from his wife. This liaison continued until June 5, 1980. After an argument and fight because the child had been brought back late after a visitation, Bagents’ second wife filed criminal charges and Bagents filed for a change of custody. After a hearing the court ordered the custody changed to the father. The mother married Wade Bourgeois very shortly after the latter secured a divorce. She then filed a motion for a new trial and also a motion to change the custody back to her. The trial court denied both.
The trial court ordered the change of custody because of the open concubinage between the former Mrs. Bagents and Wade Bourgeois and her attitude toward this concubinage.
The former Mrs. Bagents freely admitted living with Wade Bourgeois and asserted she saw nothing wrong with the arrangement since they planned to be married when Mr. Bourgeois secured his divorce. She and Mr. Bourgeois attempted to lessen any deleterious effect upon the child by not undressing before the child. She asserted that the child had more family life with Wade Bourgeois than she had had with her father.
The deprivation of custody of a minor child should not be utilized as punishment for a mother who occasionally transgresses the moral code. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). However, when a mother openly, repeatedly and flagrantly violates that code her conduct constitutes a militant factor against allowing her to retain custody. Beck v. Beck, 341 So.2d 580 (2d Cir. La.App.1977).
Appellant cites Stephenson v. Stephenson, 404 So.2d 963 (La.1981) in support of *395 her appeal. Therein the Supreme Court reversed this court and reinstated the trial court’s award to the mother, citing the mother’s good care of the child, her comparative discretion in her adultery and the trial court’s finding that the award to the mother was in the child’s interest. However, we find the present case more similar to Bride v. Thom, 378 So.2d 152 (1st Cir. La.App. 1979), in which the adulterous mother was deprived of the custody by the trial court; this court affirmed.
The trial court made a finding that it was in the interest of the child that the custody be given to the father. The award should not be lightly altered. Stephenson v. Stephenson, supra.
While we are quite aware that Mr. Bagents does not present a much better alternative, he having committed adultery and having admittedly previously used drugs and being at least partially motivated to seek the change of custody by the fight, nevertheless, we find no clear showing of an abuse of discretion and so approve the trial court’s decision.
For these reasons, the judgment is affirmed. All costs are assessed to the appellant.
AFFIRMED.