420 So.2d 1326 (1982)
Billy W. WALLACE, Plaintiff-Appellee,
v.
Ava Brown WALLACE, Defendant-Appellant.
No. 82-206.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
*1327 D.G. Brunson, Jonesboro and Jim W. Wiley, Winnfield, for defendant-appellant.
Davis & Murchison, James D. Davis, Alexandria, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and LABORDE, JJ.
LABORDE, Judge.
This is an appeal by the mother, Ava Brown Wallace, from a judgment dated January 21, 1982, granting permanent custody of the minor child, David Wayne Wallace, age five at the time of the hearing, to his father, Billy W. Wallace. The issue on appeal is whether the granting of permanent custody to the father is in accordance with the best interest of the child. From our review of the record, we conclude that the trial court did not abuse its discretion in granting custody of David Wayne to the father. Hence, we affirm.
The Wallaces were married in 1969. Two children, David Wayne and Adelle Lynn, were born of the marriage. Billy obtained a judgment of separation from Ava in October of 1980 on the grounds of abandonment. After a hearing on the rule for custody, the court awarded permanent custody of David Wayne to Billy. Custody of Adelle Lynn was awarded to Ava. On October 7, 1981, Ava filed suit for divorce on grounds of living separate and apart for one year. Ava included in her petition a prayer for permanent custody of David Wayne and Adelle Lynn. Billy reconvened seeking custody of both children. On January 21, 1982, the trial judge, for reasons orally assigned, awarded Ava Brown Wallace a divorce from Billy Wallace. The judgment split the custody of the two children between the parents. Billy Wallace was awarded permanent custody of David Wayne and Adelle Lynn remained under the custody of Ava Brown Wallace. Ava appeals only the judgment of custody.
Louisiana Civil Code Article 157 provides the applicable law concerning an award of custody. That article, in pertinent part, provides:
"A. In all cases of separation and divorce,... permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children ... no preference shall be given on the basis of the sex of the parent where custody is awarded to only one parent..."
The issue on appeal then, is whether the trial court's judgment granting permanent custody to the father is in the best interest of the child.
The standard of appellate review of custody cases was discussed by our Supreme Court in Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). The court announced:
"This Court has clearly stated that in child custody cases, the procedure for appellate review is to give great weight to the determination of the trial judge, and to overturn a determination only when there is a clear abuse of discretion. Fulco, [259 La. 1122, 254 So.2d 603] supra; Cleeton v. Cleeton, 383 So.2d 1231 (La. 1980). This test is substantially similar to the rule applied by the appellate court, which prevents the upsetting of a trial court determination of fact unless it is `clearly wrong'. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Under these rules, a conclusion reached by a trial court derived from the facts is entitled to just as much weight as a conclusion *1328 that certain evidence establishes a fact."
Armed with the above, we now proceed to review the record.
Ava argues that it would be to the best interest of David Wayne not to be separated from his sister. The separation of children of a family though sometimes necessary, is a custodial disposition which courts seek to avoid. Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (La.1969), Rose v. Rose, 177 So.2d 659 (La.App. 3rd Cir.1965). But the paramount question to be considered and answered in determining to whom the custody of the child should be granted is: What would serve the best interest of the child?
The record shows that both parents are loving parents who shared the responsibilities of caring for the children and attending to their needs. The facts show that David Wayne has lived with his father almost continuously since the parties separated in 1980, that his father also is fit and able to give the child a good home, and that the child is happy and well adjusted with his father. A court should consider the prior history of the child's custody when asked to change custody. This consideration is only one of the many factors to be considered. Bordelon v. Bordelon, supra.
Billy obtained the family home in the property settlement. This home is located next door to Billy's parents who help look after David Wayne. The house supplies sufficient accommodations for a young boy. David Wayne has lived there almost all his life.
The record disclosed that the parties had an agreement, to share the custody of both children. This agreement was implemented after the court split the custody in the separation judgment. Under the agreement David Wayne stayed Monday nights at his mother and Adelle Lynn stayed Tuesday nights with her father. The children rotated staying at each parent's house every other weekend. Also, the children upon request could stay at either parent's house. Therefore, the children were together four (4) days out of every week.
From the above facts, the trial judge concluded it would be to the best interest of both children that David Wayne remain in the custody of his father and that Adelle Lynn remain in the custody of her mother. The trial judge in his reasons, orally assigned, stated he hoped this decision would cause the agreement of the parties to be continued. We find no abuse of discretion in this decision.
On appeal, counsel for Ava urges that since the court found Ava fit by giving her custody of Adelle Lynn, custody of David Wayne must be awarded to her. In essence, counsel seeks application of the maternal preference rule. Louisiana Civil Code Article 157, as amended, does away with the maternal preference rule and any presumption in favor of the mother in a custody dispute. The father and mother stand on equal footing at the outset and the role of the court is to determine the best interest of the child based on the relative fitness and ability of the competing parents in all respects to care for the child. Thornton v. Thornton, 377 So.2d 417 (La.App. 2nd Cir.1979).
We agree with the trial court, that under the facts and circumstances presented the best interest of the child would be served by permitting David Wayne to remain in the custody of his father.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant, Ava Brown Wallace.
AFFIRMED.