433 So.2d 359 (1983)
Frank D. FERRY, Plaintiff-Appellee,
v.
Vera Peggy FERRY, Defendant-Appellant.
No. 83-28.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
Rehearing Denied July 14, 1983.
Humphries & Humphries, Guy E. Humphries, Jr., Alexandria, for defendant-appellant.
*360 Davis & Murchison, James D. Davis, Alexandria, for plaintiff-appellee.
Before YELVERTON, DOUCET and KNOLL, JJ.
DOUCET, Judge.
In this custody matter, the trial judge granted custody of the four year old child to the father. The mother appeals. We affirm.
On August 14, 1982 Frank D. Ferry and Vera Peggy Ferry separated under circumstances that were less than pleasant. At the time of their separation their four year old, Phillip Daniel Ferry, was extremely ill with a fever. The mother fell asleep and the father attended to the child. Mr. Ferry decided to take the child to the hospital in the middle of the night, bundled up the child and awoke and informed the mother of his intentions. He was on his way to the car when Mrs. Ferry informed him that she wanted to go with him. Mr. Ferry refused to wait for his wife to get dressed and an argument ensued. Mr. Ferry exited the house and proceeded to the car when Mrs. Ferry grabbed his arm, whereupon she was thrown down. She got up, picked up a brick and started after him. However, he took it away and threw it down. She then reached into the door of the car and grabbed his shirt, tearing it. Mrs. Ferry then picked up an old muffler that was laying on the ground and smashed out first the rear window and then the front window on the driver's side of the car as Mr. Ferry was backing up out of the driveway. The shattered glass covered both the father and the child and the child was later taken to the emergency room for inspection to insure that no glass had gotten into his eyes. After this incident, Mr. Ferry never returned to the parties' home but instead, took the child with him to the paternal grandparents' home. He subsequently obtained an ex parte order giving him temporary custody of his son.
At the conclusion of the hearing on the Rule for Custody, the trial judge found that the best interest of the child would be served by awarding custody to his father. From that judgment Mrs. Ferry appeals, alleging that award of custody to the mother, not morally unfit or otherwise, serves the best interest of a child of tender years. In other words, the mother seeks application of the maternal preference rule.
The maternal preference rule and any presumption thereunder has been abrogated. LSA-C.C. Arts. 146, 157, as amended Acts 1979, No. 718, § 1; Wallace v. Wallace, 420 So.2d 1326 (La.App. 3rd Cir. 1982); Lawson v. Lawson, 396 So.2d 387 (La.App. 1st Cir.1981); Dickey v. Dickey, 383 So.2d 808 (La.App. 1st Cir.1980); Lemoine v. Lemoine, 393 So.2d 251 (La.App. 1st Cir.1980) writ denied, La., 395 So.2d 1354. The legislation overruling this sex-based presumption/discrimination is clear: "No preference shall be given on the basis of the sex of the parent in cases where custody is awarded to only one parent." LSA-C.C. Art. 157, as amended Acts 1981, No. 283, § 1, effective until January 1, 1983. See also: LSA-C.C. Art. 146 A(2), as amended Acts 1982, No. 307, § 1, effective January 1, 1983, wherein it is stated ". . [T]he court shall ... not prefer a parent as custodian because of the parent's sex." Thus the sole criterion in custody matters is the best interest of the child. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); Montelbano v. Montelbano, 415 So.2d 303 (La.App. 2nd Cir. 1982). No presumption or preference, from real life or fictitious stereotype, flows from the sex of the parent. Wallace v. Wallace, supra; Traylor v. Traylor, 388 So.2d 70 (La. App. 1st Cir.1980); Spencer v. Talabock, 370 So.2d 684 (La.App. 4th Cir.1979). The father and the mother stand on equal footing at the outset and the role of the court is to determine the best interest of the child based on the relative fitness and ability of the competing parents in all respects to care for the child. Thornton v. Thornton, 377 So.2d 417 (La.App. 2nd Cir.1979); Wallace v. Wallace, supra.
The trial court is vested with a vast amount of discretion in deciding child custody cases. Bagents v. Bagents, 419 So.2d 460 (La.1982). The procedure for appellate *361 review is to give great weight to the determination of the trial judge and to disturb a finding only where there is a clear abuse of discretion. Bordelon v. Bordelon, supra; Wallace v. Wallace, supra.
At the time of the rule, Mrs. Ferry was living in Pineville, Louisiana in a three bedroom, one bath trailer with her other three children whereas Mr. Ferry was living with his mother and father in a rural setting near Cotile Lake at Boyce, Louisiana. The latter location was the place where the boy was cared for when both the parents were working and it appears Phillip was well cared for by his paternal grandparents. Mrs. Ferry works full time, five or six days a week, at Don's Seafood in Alexandria. Mr. Ferry works as an insurance salesman with Great Central Life Insurance Company and his days and hours are flexible. Generally, he works fewer days a week than Mrs. Ferry.
From the above facts, we agree with the trial court that the best interest of the child is served by his father having custody. Although Mr. Ferry's act of striking down his wife during the altercation leading to the parties' separation is not to be condoned, his actions did not endanger the welfare of the child as did the mother's actions in smashing out the windows of the automobile in which her son was situated. And, although there is evidence that the father has not respected Mrs. Ferry's visitation rights, this fact alone does not justify disturbing the trial judge's determination as to custody under the circumstances.
For the reasons assigned, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.