467 So.2d 627 (1985)
Vickie Darlene CLARK, Plaintiff-Appellant,
v.
Randy Rex CLARK, Defendant-Appellee.
No. 84-267.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*628 Fuhrer, Flournoy & Hunter, Philip G. Hunter, Alexandria, for plaintiff-appellant.
John A. Duck, Jr., Oakdale, for defendant-appellee.
Before DOMENGEAUX, DOUCET and KING, JJ.
DOUCET, Judge.
This appeal arises from a judgment removing the custody of two minor children from their mother and giving custody to their father.
Vickie Darlene Johnson Clark and Randy Rex Clark were married on April 11, 1978. Two children were born of the marriage: Christopher Michael Clark and Stacy Marie Clark. At the time of the custody hearing, their ages were 4 years and 2 years, respectively. Mr. & Mrs. Clark separated in January 1982. The children remained with their mother.
On May 26, 1983, a judgment was rendered granting a divorce in favor of Randy Clark and giving him permanent care, custody, and control of the two children. Vickie Clark appeals the custody judgment.
The record indicates that Mrs. Clark began an adulterous affair with David Conley before she separated from Randy Clark. Shortly after she and Mr. Clark began living separately, Mrs. Clark moved in with David Conley. Her two children lived with them. Each child had its own room. This arrangement continued until shortly before the custody hearing. Mrs. Clark stated that the children knew that she and Conley were not married. She testified that her little boy had asked her on several occasions whether she and Conley were to be married. Both Mrs. Clark and Conley testified that they had a very stable relationship and planned to be married as soon as her divorce became final. Mrs. Clark was unemployed. Conley supported Mrs. Clark and the children since Randy Clark did not provide financial support for his children. Conley testified that he loved the children.
Randy Clark was living with his parents at the time of the hearing. Mr. Clark indicated that he was employed as a roughneck seven days on and seven days off. At the time of the custody hearing, both Mr. Clark and his mother indicated that she would care for the children when he went offshore. In order to provide a room for the boy and girl to share, plans had been made to renovate a den in Mr. Clark's parents' home into a bedroom for Mr. Clark. The testimony reveals that there were problems surrounding the exercise of visitation. These problems seem to be connected to the hostility existing between Mr. Clark and his mother and Mrs. Clark and Conley.
*629 When the children did visit their father and their paternal grandparents, the record indicates that they enjoyed themselves and were reluctant to return to their mother. Based upon these facts, the trial judge gave custody of both children to Randy Clark.
The trial court's decision in custody matters is to be given great weight. It will only be overturned where there is a clear abuse of discretion. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); Shackleford v. Shackleford, 389 So.2d 825 (La.App. 3rd Cir.1980); Ferry v. Ferry, 433 So.2d 359 (La.App. 3rd Cir.1983). The object of the trial court is to determine the best interest of the child. La.C.C. art. 146. Shackleford v. Shackleford, supra; Ferry v. Ferry, supra.
While the trial judge gave no reasons for judgment, it seems to be based on the fact that Mrs. Clark lived openly with David Conley before receiving a divorce from Randy Clark.
"The courts of this state have consistently followed the general rule that where a mother has recently lived in open and public adultery with her paramour for a substantial period of time, in total disregard of the moral principles of our society, the mother is morally unfit to maintain custody of her children. Beck v. Beck, 341 So.2d 580 (La.App. 2nd Cir.1977); Johnson v. Johnson, 268 So.2d 114 (La.App. 3rd Cir.1972); Kaufman v. Kaufman, 271 So.2d 629 (La. App. 1st Cir.1972)."
Shackleford v. Shackleford, supra.
The effects of this rule have been softened by a series of Supreme Court decisions adopting a "reformation rule". Under the reformation rule, when a parent reforms or abstains from any previous course of open indiscretion and probable immorality, the custody of the children could be retained by that parent. Fulco v. Fulco, supra; Monsour v. Monsour, 347 So.2d 203 (La.1977); Cleeton v. Cleeton, 383 So.2d 1231 (La. 1979). In the case presently before the court Mrs. Clark lived openly with Conley for over a year. Her oldest child at least understood that they were not married. Without a reformation on the part of Mrs. Clark, her conduct cannot be condoned by the court, and the trial court was correct in removing the children from her custody. However, custody should not be changed merely to punish a parent for past behavior when there has been no showing of a detrimental effect on the children. Everett v. Everett, 433 So.2d 705 (La.1983).
Mrs. Clark has indicated the desire and intent to reform her conduct. She terminated her adulterous relationship with Conley shortly before the custody hearing. In addition, both she and Conley indicated their intention to marry as soon as possible after the divorce became final.
The trial court did not properly consider this evidence of reformation of conduct in accord with the Supreme Court's decisions with regard to reformation. Accordingly, we remand this case to the trial court so that the best interests of the children may be determined in light of the possible reformation in conduct by Mrs. Clark.
REVERSED AND REMANDED.
DOMENGEAUX, J., concurs in the result.