DOMENGEAUX, Judge.
In this divorce suit, the custody of the minor child, Phillip Daniel Ferry, was altered from sole custody by the husband-appellant to joint custody. The husband has appealed and the sole issue is whether joint custody should have been ordered by the district court.
This appeal marks the third occasion that these litigants have appeared before this Court. Frank D. Ferry and Vera Peggy Ferry were judicially separated in August of 1982. On August 30, 1982, a judgment was signed by the district judge awarding sole custody of the parties’ child to Mr. Ferry and visitation rights to Mrs. Ferry. We affirmed the district court’s decision at 433 So.2d 359 (La.App. 3rd Cir.1983).
Subsequently, Mr. Ferry filed a rule to amend the visitation rights of Mrs. Ferry. Mrs. Ferry sought to enforce her visitation rights by filing a motion for constructive contempt against Mr. Ferry. A trial of the rule was held and Mr. Ferry was found guilty of constructive contempt by violating the signed judgment awarding Mrs. Ferry visitation privileges. We affirmed the judgment of the trial court at 444 So.2d 797 (La.App. 3rd Cir.1984).
The prior custody suit (which was incident to the separation suit) and the contempt suit were introduced into evidence in this case.
The instant case again placed the custody of the child at issue by way of the petition for divorce filed by Mrs. Ferry. The district judge ordered that the parties were to have joint custody of the child and that pursuant to a plan of implementation filed by Mrs. Ferry the child would be in the physical custody of the mother for the nine months comprising the school year and the father would have physical custody during the three month school vacation period. The judgment also set out a visitation schedule for the non-physical custodian parent.
We have thoroughly reviewed the record and find that there is ample evidence to justify the district court’s award of joint custody.
As we noted in our opinion concerning these parties’ initial appearance before our court:
“The trial court is vested with a vast amount of discretion in deciding child custody cases. Bagents v. Bagents, 419 So.2d 460 (La.1982). The procedure for appellate review is to give great weight to the determination of the trial judge and to disturb a finding only where there is a clear abuse of discretion. Bordelon v. Bordelon [390 So.2d 1325 (La.1980)] supra; Wallace v. Wallace [420 So.2d 1326 (La.App. 3rd Cir.1982) ] supra.”
Ferry v. Ferry, 433 So.2d 359 (La.App. 3rd Cir.1983).
It is evident that the district judge’s grant of joint custody was guided by the recent amendments to La.C.C. Art. 146 which mandates that joint custody be given first preference, according to the best interest of the children. The district judge’s decision in a custody matter is entitled to great weight and we find that he has not abused his discretion here.
For the above and foregoing reasons the decision of the district court is affirmed. All costs on appeal to be assessed against defendant-appellant.
AFFIRMED.