W.C. FALKENHEINER, Judge Pro Tern.
Terry Hicks obtained a judgment of separation from his wife, Joni. The judgment of separation adopted a joint custody plan which was agreed upon by the parties at the time and set forth the custodial and visitation arrangement of the two children of the marriage, a daughter, age six, and a son, age 4.
Joni then filed a petition for divorce based upon the parties living separate and apart in excess of one year, and shortly thereafter Terry filed a suit for divorce, alleging adultery by Joni. Terry also sought custody of the two children, alleging Joni’s unfitness.
The two suits for divorce were consolidated for trial, after which the Trial Court rendered a judgment in favor of Terry, granting him a divorce on the grounds of Joni’s adultery. We consider both cases in this opinion but render a separate judgment in the companion matter designated on the docket of this court as Hicks v. Hicks, 488 So.2d 284, (La.App.3d Cir.1986).
The Trial Court maintained the original joint custody arrangements stipulated at the time of the separation with certain minor modifications dealing with Terry’s visitation rights, minor modifications with respect to support payments by Terry to Joni, and certain limitations on Joni’s conduct at home while the children were present.
Terry’s oral motion for a devolutive appeal was granted by the Trial Court.
*281 FACTS
Terry and Joni Hicks were married in 1976. Two children were born of the marriage, a daughter, six years of age, and a son, four years of age. The parties separated on or about May 7, 1983, after which Terry filed suit for separation and judgment was rendered in his favor on February 2, 1984. At the time of the separation Joni and the two children resided with her mother, but shortly thereafter she obtained a trailer, or mobile home. The mobile home contained two bedrooms and one bath with a combination living room and kitchen. Shortly after she moved in the mobile home, Joni’s friend, John, began to visit the trailer frequently, and spent nights there. He moved in certain of his furniture and clothing and spent considerable time at the trailer with Joni and the children. Although both John and Joni denied that he moved in and that they were living together as man and wife and denied that relationship, the Trial Court did find that they were engaging in sexual relations and granted Terry’s divorce on the grounds of adultery which Joni has not appealed.
Both Terry and Joni have fairly large families and most of them live in the Johnson Bayou and Cameron communities near the parties. Friction between the two parties increased, and Terry resented Joni’s conduct with John and the fact that John was living in the mobile home with the two children. When the litigation which is now before the Court was filed in May of 1984, John moved out of the trailer and his relationship with Joni became less open.
Nevertheless, Joni continued to have parties at the mobile home where she and friends, including John, gathered while the children were present, consumed alcoholic beverages, played music, and otherwise partied. Two of these parties took place in November of 1984 shortly before trial of the case.
The Trial Court heard a number of witnesses who were family members and friends of each of the parties. As in most of these cases, the evidence is somewhat contradictory and vague. Although Terry was able to prove that the children were in the trailer at the time Joni and John were living together and at the time of some of Joni’s parties, there was no direct evidence that the children ever observed any immoral activities. The indirect evidence indicating that the children might have been aware of sexual activity between Joni and John is conflicting.
The limitations placed by the Trial Judge on Joni’s conduct at the home while the children were present were obviously its remedy for some of the deficiencies in Joni’s conduct brought out at the trial of the case, particularly her conduct with John and at the parties and other social functions at the home.
ASSIGNMENT OF ERRORS
Terry, the Appellant, assigns three errors:
(1) The Trial Court’s judgment continues the mother preference rule and is not a true joint custody arrangement,
(2) The Trial Court failed to make a specific finding of whether Terry and/or Joni were fit parents and a finding with reasons as to whether joint custody was in the best interests of the children, and
(3) The Trial Court failed to require the parties to submit a plan for implementation of a joint custody order pursuant to Article 146 of the Louisiana Civil Code.
OPINION
The paramount issue in this case is whether the sexual lifestyle of Joni is such that the best interests of these young children require that she be removed as the primary custodian and Terry substituted in that position.
Judge Foret’s dissent in the case of Duplantis v. Monteaux, 412 So.2d 215 (La. App.3d Cir.1982), correctly sets forth some of the criteria and the authorities to be followed in this situation as follows:
“In assessing if a parent’s sexual lifestyle is cause for denying custody (note *282 that the instant case involves only visitation), the courts have consistently held the ultimate determination must be whether the behavior was damaging to the child. This determination involves several factors:
(1) Is the child aware of the illicit relationship?
(2) Has sex play occurred in the presence of the child?
(3) Was the sexual misconduct notorious, bringing embarrassment to the child?
(4) What effect has this conduct had on the family life?
Monsour v. Monsour, 347 So.2d 203 (La. 1977); Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (La.1971); Howes v. Howes, 388 So.2d 1182 (La.App. 4 Cir.1980); writ denied, 393 So.2d 738 (La.1980); Coltharp v. Coltharp, 368 So.2d 793 (La. App. 2 Cir.1979), writ denied, 370 So.2d 578 (La.1979); Nale v. Nale, 409 So.2d 1299 (La.App. 2 Cir.1982).”
Applying those factors to the facts in this case, we find that the answers to the first three questions must be negative.
The two children are very young and there is no evidence that they were aware of the illicit nature of the relationship of Joni and John and embarrassed by it. There is also little or no direct evidence of sex play in their presence, either between Joni and John while he lived there, or during the parties given by Joni, although the presence of the children in the relatively confined area of a two bedroom mobile home during these activities would tend to indicate some awareness on the part of the children of what was going on. One could reasonably infer that older children under these circumstances would be cognizant of what transpired so that the answer to the three questions under those circumstances would be positive.
However, there is no evidence that Joni’s conduct at this point has affected family life in the sense of her relationship with these two young children. The evidence indicates that Joni loves the children and that she takes care of all of their physical needs. Under the circumstances of this case, the children are more likely to be affected by the obvious hostility of their parents toward each other, and the turmoil and hostility involving the respective family members.
The evidence is, however, sufficient to raise serious questions as to Joni’s moral fitness, and whether her conduct will continue. Specifically, the question is whether Joni has reformed her prior conduct to the extent that the “reformation rule” can be applied in this case. If it cannot be, the best interests of the children would require a different decision from that reached by the Trial Court.
In Clark v. Clark, 467 So.2d 627 (La. App. 3 Cir.1985), this Court stated:
“The trial court’s decision in custody matters is to be given great weight. It will only be overturned where there is a clear abuse of discretion. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); Shackleford v. Shackleford, 389 So.2d 825 (La.App. 3 Cir.1980); Ferry v. Ferry, 433 So.2d 359 (La.App. 3 Cir.1983). The object of the trial court is to determine the best interest of the child. La.C.C. Art. 146, Shackleford v. Shackleford, supra; Ferry v. Ferry, supra.
While the trial judge gave no reasons for judgment, it seems to be based on the fact that Mrs. Clark lived openly with David Conley before receiving a divorce from Randy Clark.
‘The courts of this state have consistently followed the general rule that where a mother" has recently lived in open and public adultery with her paramour for a substantial period of time, in total disregard of the moral principles of our society, the mother is morally unfit to maintain custody of her children. Beck v. Beck, 341 So.2d 580, (La.App.2d Cir.1977); Johnson v. Johnson, 268 So.2d 114 (La.App.3d Cir. 1972); Kaufman v. Kaufman, 271 So.2d 629 (La.App. 1st Cir.1972).’
Shackleford v. Shackleford, supra.
The effects of this rule have been softened by a series of Supreme Court deci *283 sions adopting a “reformation rule”. Under the reformation rule, when a parent reforms or abstains from any previous course of open indiscretion and probable immorality, the custody of the children could be retained by that parent. Fulco v. Fulco, supra; Monsour v. Monsour, 347 So.2d 203 (La.1977); Cleeton v. Cleeton, 383 So.2d 1231 (La. 1979).”
The evidence of Joni’s reformation is mixed at best. She did not separate from John until the suit was filed. Even then the separation consisted only of John’s moving out of the trailer which he continued to visit. Joni continued to have parties in her small mobile home while the children were present and while John was present. This course of action continued up to almost the very date of the trial in the lower court.
While the record cannot justify our conclusion that Joni’s parties and social occar sions were “orgies” as contended by Terry’s counsel, there was loud music, consumption of alcohol and some sexual foreplay. John’s presence at these functions, in light of his prior adulterous relationship with Joni, does not lend any support to her claim of reformation.
The Trial Court did not require the parents to submit a joint custody plan as mandated by Civil Code Article 146. Joni’s petition for divorce did contain a partial plan, but Terry did not submit a plan, nor was one required of him. Terry asked for custody of the children, but did not specify the various details and specifics of the custody arrangement as would be contained in the plan contemplated by Civil Code Article 146. Thus the Trial Court in this case was presented with no viable alternative to the arrangements set forth in the separation judgment. Terry did present some evidence as to his intentions in the event he obtained custody of the children, but this falls far short of any custody plan. Moreover, consideration of Joni’s detailed custody plan would enable the Trial Court to better ascertain and conclude whether or not the reformation rule should be applied to her in this case.
DISPOSITION
For the reasons set forth above the judgment of the Trial Court is affirmed insofar as it grants a divorce in favor of Terry J. Hicks and against Joni Sandifer Hicks, dissolving the bonds of matrimony heretofore existing between them.
We reverse and set aside the judgment of the Trial Court insofar as it maintains the original joint custody arrangement ordered following the judicial separation with modifications. It is now ordered and adjudged that this case be remanded to the Trial Court for further proceedings in conformity with the views expressed herein. Upon remand the Trial Court is ordered to require the parties to submit joint custody plans in compliance with Article 146 of the Louisiana Civil Code for the Trial Court’s consideration. The Trial Court is further ordered to make specific finding of facts concerning application of the reformation rule to Joni Sandifer Hicks as a condition precedent to any consideration as to whether she shall be designated primary custodian of the children of her marriage with Terry J. Hicks, or in connection with any modification of the joint custody award made at the time of the judicial separation, or in connection with any other action the Trial Court shall deem fit.
The costs of this appeal are assessed to Joni Sandifer Hicks.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.