YELVERTON, Judge.
This is a child custody proceeding. The trial judge ordered a joint custody plan providing that each parent would have these young children for two weeks per month until they reach school age; then, according to the judgment, the father will have their custody and the mother visitation rights on alternate weekends. The mother appeals this plan contending it is an abuse of the trial court’s discretion. We find no abuse of discretion. We affirm.
Pennie and Raymond Dubois were married on June 20, 1980. Two daughters were born of this marriage. On April 4, 1985, Pennie Dubois filed a petition for separation from bed and board alleging cruel treatment. Raymond Dubois reconvened, alleging that his wife had committed adultery and abandoned the matrimonial domicile. Both parties requested custody of the two children. The couple entered into a stipulation which provided for joint custody pending trial.
*361 The girls were two years old and four years old at the time of trial. The court found both parents guilty of adultery and at fault. A divorce was granted based on mutual fault on grounds of adultery as well as living separate and apart without reconciliation for more than one year. As to custody, the trial judge implemented a joint custody plan. Each parent was declared the domiciliary parent of both children for alternating two week periods. It was provided that when each child reached school age, the alternating two week arrangement would cease. Raymond Dubois would then be the domiciliary parent and Pennie Dubois would have custody of the child on alternating weekends.
The only matter before us is this custody plan. The paramount consideration in determining to whom custody should be granted is always the welfare of the children. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). The maternal preference rule and any presumption thereunder has been abrogated. No presumption or preference, from real life or fictitious stereotype, flows from the sex of the parent. Ferry v. Ferry, 433 So.2d 359 (La.App. 3rd Cir.1983). The father and mother stand on equal footing at the outset and the role of the court is to determine the best interest of the child based on the relative fitness and ability of the competing parents in all respects to care for the child. Wallace v. Wallace, 420 So.2d 1326 (La.App. 3rd Cir. 1982). The trial court is vested with a vast amount of discretion in deciding child custody cases. Bagents v. Bagents, 419 So.2d 460 (La.1982). The procedure for appellate review is to give great weight to the determination of the trial judge and to disturb such a finding only where there is a clear abuse of discretion. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980).
Guided by these precepts, we have considered the record in this case. Pennie Dubois, at the time of the trial of this case, was living in Pineville, Louisiana, with her mother. However, since the couple separated in 1985, she has had at least five different residences. On three occasions while in Pennie’s custody, the oldest child became infested with head lice. Also, Raymond Dubois’ sister testified that she once found the child unsupervised at a store that was quite a distance from the mother’s home. Testimony also revealed that the oldest child was found to have suffered a broken arm, several bruises, and a bum over her ear — all while under the care of Pennie Dubois.
Raymond Dubois lives in Montgomery, Louisiana, with his father. He works as a skidder in the logging industry. Although he works long hours, Raymond testified that his father and two babysitters help care for the children while they are in his custody. The record reveals that Raymond Dubois is a loving and caring father. It appears that he can provide a more stable environment for the children.
From the above facts, we agree with the trial court that the best interest of the children is served by their father having custody once they reach school age. The trial court did not abuse its great discretion. Accordingly, we affirm the lower court’s judgment. Appellant will pay costs.
AFFIRMED.