393 So.2d 251 (1980)
Joan Dee Royal LEMOINE
v.
Joseph Lester LEMOINE.
No. 13655.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
John Wayne Jewell, New Roads, for plaintiff-appellee.
Teddy W. Airhart, Jr., Baton Rouge, for defendant-appellant.
Before ELLIS, COLE and WATKINS, JJ.
ELLIS, Judge:
In this suit, Mrs. Joan Dee Royal Lemoine Major seeks to gain the custody of the two minor children born of her marriage to Joseph Lester Lemoine. Mr. Lemoine was awarded custody of Joseph Paul Lemoine, now age 9, and Dana Marie Lemoine, now age 5, on July 28, 1978, by a consent decree. Custody was continued in Mr. Lemoine by judgment of divorce, rendered by default, on September 21, 1978. This petition for custody was filed on August 3, 1979.
*252 After trial on the merits, judgment was rendered awarding custody of both children to Mrs. Major, and Mr. Lemoine has appealed.
The record shows that the parties separated once and then reconciled in 1977. Mrs. Lemoine then left Mr. Lemoine again in July 1977, and a judgment of separation was signed on July 28, 1977. Mrs. Lemoine then went to live with Douglas Major, a married man. Mr. Major was divorced from his wife in January, 1979, and he and Mrs. Lemoine married in June, 1979.
The trial judge found that the children are well cared for by their father and that they are "healthy, polite and well mannered." He further found that their father was providing for their religious and spiritual needs.
He further found that:
"Except for one factor the Court would conclude that there being no negative consideration which would dictate against custody to either parent then the best interest of the children would require that custody remain with the father so as not to disturb or disrupt the children."
The factor referred to by the trial judge was the maternal preference rule. After a review of the codal and jurisprudential authorities, he found that the maternal preference rule still existed as a matter of fact, if not of law, and awarded custody to Mrs. Major. He concluded:
"It has not been shown, nor is there jurisprudential recognition of the proposition, that the father's role is of equal significance to the welfare of the child as that of the mother. In short if we understand the sociology of the family as recognized by the jurisprudence, it is generally better for the welfare of the children to be in the care of their natural mother than to be in the care of their natural father."
We find that, in so concluding, the trial judge erred. The recent amendments to Articles 146 and 157(A) of the Civil Code have markedly changed the burden of proof previously placed on parties to custody cases. These articles now provide:
Art. 146. "If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be granted to the husband or the wife, in accordance with the best interest of the children. In all cases, the court shall inquire into the fitness of both the mother and the father and shall award custody to the parent the court finds will in all respects be in accordance with the best interest of the child or children. Such custody hearing may be held in private chambers of the judge."
Art. 157. "A. In all cases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent...."
The effect of these amendments, we find, has been to eliminate the so-called double burden of proof on one seeking to change custody and the maternal preference rule. No presumptions now flow from the sex of the parents nor from the prior custodial decrees. However, the sex of the parents and the conditions under which the children have been living are factors to be considered, along with all other relevant matters, in reaching the ultimate determination. See Thornton v. Thornton, 377 So.2d 417 (La.App. 2nd Cir. 1979); Bordelon v. Bordelon, 381 So.2d 871 (La.App. 3rd Cir. 1980); Dickey v. Dickey, 383 So.2d 808 (La. App. 1st Cir. 1980).
We think that, in this case, the facts clearly indicate that the children are well cared for and happy with their father, and have been since July, 1977, and that he is providing a better home and better moral environment than would be provided by their mother. We do not believe that the best interests of the children in this case dictate a change of custody to the mother despite their relatively tender ages and the sex of the mother.
*253 The judgment appealed from is therefore reversed, and there will be judgment herein dismissing Mrs. Majors' suit, at her cost.
REVERSED AND RENDERED.