CRAIN, Judge.
This is an appeal of a judgment of the trial court continuing custody of the minor child, Natalie Cothern, with her father, Chris McLeod.
Natalie Cothern was born out of wedlock to Chris McLeod and Renee Cothern. Chris McLeod and Renee Cothern were subsequently married. During 1980 and 1981, Chris and Renee McLeod physically separated and reconciled at least three times before they finally separated in June of 1981. Renee McLeod left the matrimonial domicile with the child, Natalie, on the first two occasions. The third time Renee McLeod left, she left Natalie with her parents, Weldon and Merle Cothern. It was during this third separation, on February 13,1981, that Chris McLeod filed a petition for separation, obtained an order of provisional care, custody and control of Natalie, and had a curator appointed to locate Renee. The curator filed a general denial, and Renee thereafter employed an attorney to defend that suit. A trial was not held at that time since the McLeods attempted a reconciliation. In June of 1981, Renee left again, this time leaving Natalie with Chris McLeod.
On June 29, 1981, a second petition for separation and custody was filed by Chris McLeod. Again a curator was appointed to represent Renee McLeod, and provisional custody of Natalie was granted to Chris McLeod. On November 19, 1981, Renee McLeod filed a petition for divorce and custody in the same suit. Thereafter, reasonable visitation privileges for Renee McLeod were ordered. After trial of the matter, an oral judgment continuing custody of the minor child in Chris McLeod was rendered on August 26, 1982. An amended judgment signed September 23, 1982, continued custody in Chris McLeod, decreed a final divorce between the parties, and granted liberal visitation rights to Renee Cothern McLeod.
On appeal, Renee Cothern McLeod alleges three assignments of error. In her first two assignments of error she claims that the trial court erred in granting de facto custody to Chris McLeod’s parents, Mr. and Mrs. Robert McLeod. Appellant argues the parents of Chris McLeod are the actual custodians of Natalie, since Chris McLeod and Natalie both live with the McLeods and Chris depends on them totally to provide care for Natalie. The appellant contends that she is competing for custody against Chris McLeod’s parents, not Chris, and therefore, the trial court erred in failing to find that she, as a parent, has a paramount right to custody under Wood v. Beard, 290 So.2d 675 (La.1974) and Duffie v. Duffie, 387 So.2d 654 (La.App. 1st Cir.1980), writ denied, 390 So.2d 1345 (La.1980).
Under the former La.C.C. Art. 157, which was in effect at the time of this trial, permanent custody of the child shall be granted to the husband or the wife in accordance with the best interests of the child.[1] All relevant matters are to be considered in reaching the ultimate determination, Lemoine v. Lemoine, 393 So.2d 251 (La.App. 1st Cir.1980), writ denied, 395 *1240 So.2d 1354 (La.1981). The cases which the appellant relies on, Wood v. Beard, supra, and Duffie v. Duffie, supra, both involved a parent competing with non-parents for custody of a child. The fact that Chris is presently living with his parents is merely one of the circumstances that the trial judge may consider when deciding which home provides the better environment for the child. See Lemoine, supra. Therefore, the trial judge’s decision to continue custody with the father was not a de facto grant of custody to Chris’ parents.
In appellant’s third assignment of error, she disagrees with the trial judge’s conclusion that it was in the best interest of the child to award custody to the father, Chris McLeod.
We do not have the benefit of the trial judge’s reasons for judgment, as these were given orally and not preserved for the record. However, we find that the holding of the trial court that continuing custody with Natalie’s father, Chris McLeod, is in the best interest of the child, is not manifestly erroneous.
Prior to their separation, neither Chris nor Renee McLeod led a life very suitable for bringing up a child. Both were frequent drug users, and there was testimony that Chris also sold drugs on occasion. There was also some evidence that Chris physically abused Renee from time to time. All this was done in front of the child, Natalie. Sometime after their last separation of June of 1981, both Renee and Chris allegedly discontinued their drug use and set about to reconstruct their lives separately. Renee is a professional singer and moved to Las Vegas, where at the time of trial she was under a year’s contract with a band. She works nights and testified that she would place Natalie in a day care center near her house in the daytime. After the separation, Chris and his sister-in-law alternately kept Natalie for a while until Chris and Natalie moved in with Chris’ parents, Mr. and Mrs. Robert McLeod. There, Natalie has her own room and is apparently well cared for by Chris and his parents.
Although at the time of trial, Renee’s job was fairly stable, it was evident from her testimony that her job is basically transitory in nature and she will be required to leave Las Vegas frequently to work on the road. On the other hand, Chris is able to provide Natalie with a secure family environment at this time. She lives with both her father and her grandparents, and lives close to her other relatives including Renee’s parents.
The standard of review in custody matters gives great weight to trial court decisions which should be overturned only when there is clear abuse of discretion. Howes v. Howes, 388 So.2d 1182 (La.App. 4th Cir.1980), writ denied 393 So.2d 738 (La.1980). We find no abuse of discretion here.
For the reasons assigned, the judgment of the trial court is affirmed. Costs are to be paid by the appellant.
AFFIRMED.

. La.C.C. Art. 157 stated:
“A. In all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, or to both jointly by agreement of both the husband and wife, in accordance with the best interest of the child or children; however, an award of joint custody may be granted only when the husband and wife are both domiciled in the state of Louisiana. If either parent changes his or her domicile to another state, the other may petition for sole custody. No preference shall be given on the basis of the sex of the parent in cases where custody is awarded to only one parent. Such custody hearing may be held in private chambers of the judge.”